HOPKINS *vs.* LACOUTURE.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

A purchaser of property in this state, is not affected by a mortgage executed in another state, unless it be recorded in this.

Where the parties acknowledge a parole agreement for immoveable property, or consent to admit parole evidence to establish it, the court will carry their agreement into effect as proved.

A power executed by the agent in his own name, binds the principal when he acts in the business entrusted to him, and according to the power conferred. The liability of the principal depends on the act done, not on the form in which it has been executed.

This was an action for the recovery of a slave, to which the plaintiff set up title under a deed of trust, executed in his favor in the state of Alabama, by one Malone.

It appeared that after the execution of the trust, the slave remained in the possession of Malone, who subsequently brought her to New-Orleans, and constituted one M'Clure, his agent, who, in his own name, sold her to the person under whom the defendant claimed.

The court *a qua* was of opinion, that as the deed of trust was not recorded in this state, the defendant was a purchaser without notice, and gave judgement in his favor. The plaintiff appealed.

PORTER, J., delivered the opinion of the court.

A legal title to a slave was vested by one Malone in the plaintiff, in trust for the payment of several debts. The possession of the slave remained in Malone, who finally removed from the state of Alabama, where the deed of trust had been executed, and brought the slave with him. She has been found in possession of the defendant, and this suit is brought to recover her.

Eastern Dis.
May, 1832.

HOPKINS
vs.
LACOUTURE.

The answer of the defendant puts at issue the right of the plaintiff, and cites in warranty his vendor, Wright. He appeared, acknowledged he had sold the slave, and called on his vendor, Catherine Reynolds, who also filed an answer, acknowledging her obligations as vendor, and denying the plaintiff's title to the property.

There was judgement in the court of the first instance for the defendant, and the plaintiff appealed.

The instrument of writing by which the title in the plaintiff was created, contains a condition that in case Malone paid off the debts therein mentioned, the conveyance to the plaintiff should be of no force or value.

There is evidence on record, that conveyances of this kind are considered in the state where they are made, as valid securities for debts, and that this form is preferred to the ordinary one of mortgage from the greater facility they afford of selling the property. The only difference we perceive between them is, that the one is a conditional sale to a trustee for the benefit of the creditor. The other a conditional sale to the creditor himself. Notwithstanding the form given to the latter instrument in common law countries, it is well known that it has no other effect but that of giving a lien on the property; and the instrument now before us has substantially the same effect, and nothing more.

This mortgage was not recorded in Louisiana, and cannot affect a purchaser in this state, who may have acquired a title from Malone, by whom this deed of trust was created.

It has been very strenuously contended that the defendant in this instance, has not shown such a title, because the fact of his having bought from an agent of Malone, is proved by parole, and not by writing, as our law requires. But it has long since been settled in this court, that if parties will acknowledge a parole agreement, for immoveable property, or if they will do what we consider the same thing, consent to admit parole evidence to establish it, that the court will carry their agreement into effect as proved. See the case of *Strawbridge* vs. *Warfield*, decided last week, and the authorities there cited.

*A purchaser of property in this state, is not affected by a mortgage executed in another state, unless it be recorded in this.*

*Where the parties acknowlege a parole agreement for immoveable property, or consent to admit parole evidence to establish it, the court will carry their agreement into effect as proved.*

9

But in the present case, the agent made the sale in his own name, and not in that of the principal, and we doubted whether this could be considered such an execution of the power as would enable the purchaser to claim title under the principal. Mr. Livermore, in his Treatise on Agency, states that the attorney must execute the power in the name of his principal, and not in his own name, for no estate can pass from the attorney, but only from the principal. The authorities cited by him fully sustain this doctrine. But we notice that the Supreme Court of the United States have in a modern case declared that it is by no means true that the acts of agents, derive their validity from professing on the face of them to have been done in the exercise of their agency. Be the rule, however, as it may, in that system of law under which these opinions were expressed, we apprehend it is clear in ours, that a power executed by the agent in his own name, does bind the principal, when he acts in the business entrusted to him, and according to the power conferred. The liability of the principal depends on the act done, not in the form in which it has been executed. The only difference is that where the agent contracts in his own name, he adds his personal responsibility to that of the person who has empowered him. The Roman jurists give this very case, that of a person employed to sell slaves, as an example of the responsibility of the principal where the agent acts in his own name. See *Digest. De Institoria Actione, lib.* 14, *tit.* 3, *l.* 3, 17. *Pothier on Ob. nos.* 82, 449. *Livermore on Agency, nos.* 1, 105. 5 *Wheaton,* 326.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the District Court be affirmed, with costs.

*Hennen* and *Kelly,* for appellant. *Canon,* for appellee.