## MEHITABEL HUNTINGTON *vs.* CHARLES W. KNOX.

When an agent, duly authorized, sells property belonging to his principal, and gives the purchaser a receipt in his own name, without stating his agency, acknowledging the payment of part of the price, and promising to deliver the property at certain times, places and prices specified ; the principal, on proving, by parol, his property, and the authority of the agent, may maintain an action in his own name for the balance of the price, subject to any equities which the purchaser may have against the agent.

The Rev. Sts. *c.* 28, § 201, do not require that bark, lying on the owner's land in the country, should be measured by a public measurer, before it is offered for sale.

THIS was an action of assumpsit for goods sold and delivered, and on the common money counts, to recover the balance of the price of a quantity of hemlock bark, alleged to have been sold and delivered by the plaintiff to the defendant; and was referred by rule of court to an arbitrator, who made an award in favor of the plaintiff, subject to the opinion of the court on the questions of law arising in the case, as appearing on the following report:

The plaintiff alleged that the bark in question was delivered under a contract, set forth in a writing, whereby one George H. Huntington acknowledged to have received of the defendant a partial payment of $25, and in consideration thereof promised to deliver to him certain hemlock bark, at fixed prices per cord, at certain times and places specified.

The defendant objected to the introduction of evidence in support of said contract, or in proof of its execution, on the ground that it appeared from the receipt to be the contract of George H. Huntington and not of the plaintiff. The plaintiff then proposed to introduce parol evidence to show that the bark sold was the property of the plaintiff; that at the time of the sale George H. Huntington was the agent of the plaintiff; and that in making such contract he acted as such agent. The defendant objected, 1. That as such agency was not disclosed in the writing, parol evidence was inadmissible to prove it; and, 2. That if such evidence would be admissible in support of a declaration properly framed, it would

not be competent evidence to support any of the counts in the plaintiff's declaration. The arbitrator ruled that if the plaintiff owned the bark, and was the principal in the contract, (although not disclosed at the time of making it,) she might maintain the present action, subject to all the equities that existed between the agent and the defendant, at the time the principal was disclosed; that parol evidence might be introduced to prove that the plaintiff was the principal in the contract, and that George H. Huntington acted as her agent; and that the plaintiff's declaration was sufficient.

It appeared to the arbitrator, from the evidence introduced before him, that the plaintiff was the principal in the contract; that the bark, which was then lying on the plaintiff's land, in the town of Becket, was sold to the defendant upon the terms set forth in the receipt; and that the defendant had notice, before the commencement of the action, that the bark belonged to the plaintiff, and that the plaintiff looked to him for payment therefor.

The defendant then objected that it did not appear that the bark was measured in conformity with the provisions of the Rev. Sts. *c.* 28, § 201. And the plaintiff admitted that it was not so measured. But the arbitrator ruled, that as it appeared that the bark was not offered for sale in any market, or upon any cart or other vehicle, and was designed and purchased for tanning and not for fire bark, the sale was not within the provisions of the statute.

*M. Wilcox*, for the plaintiff.

*I. Sumner*, for the defendant. 1. The writing signed by George H. Huntington is a complete contract between him and the defendant, and parol evidence is inadmissible to show that it was in fact the contract of the plaintiff. *Wright* v. *Weakly*, 2 Watts, 89; *Stone* v. *Vance*, 6 Hamm. 246; *Stackpole* v. *Arnold*, 11 Mass. 27; 2 Kent Com. 629; *Hastings* v. *Lovering*, 2 Pick. 214, 221; *United States* v. *Parmele*, Paine, 252; *Clark* v. *Wilson*, 3 Wash. C. C. 560. 2. The provisions of the Rev. Sts. *c.* 28, § 201, apply to all sales of bark in any public place; and are not limited to sales in a market, nor to bark sold for fuel. And the statute not having

been complied with, the sale is void. *Wheeler* v. *Russell*, 17 Mass. 258.

SHAW, C. J.   This action is brought to recover the value of a quantity of hemlock bark, alleged to have been sold by the plaintiff to the defendant, at certain prices charged.   The declaration was for goods sold and delivered, with the usual money counts.   The case was submitted to a referee by a common rule of court, who made an award in favor of the plaintiff, subject to the opinion of the court on questions reserved, stating the facts in his report, on which the decision of those questions depends.

The facts tended to show that the bark was the property of the plaintiff; that the contract for the sale of it was made by her agent, George H. Huntington, by her authority; that it was made in writing by the agent, in his own name, not stating his agency, or naming or referring to the plaintiff, or otherwise intimating, in the written contract, that any other person than the agent was interested in the bark.

Objection was made, before the referee, to the admission of parol evidence, and to the right of the plaintiff to maintain the action in her own name.   The referee decided both points in favor of the plaintiff, holding that the action could be maintained by the principal and owner of the property, subject to any set-off, or other equitable defence, which the buyer might have, if the action were brought by the agent.

The court are of opinion, that this decision was correct upon both points.   Indeed they resolve themselves substantially into one; for *primâ facie*, and looking only at the paper itself, the property is sold by the agent, on credit; and in the absence of all other proof, a promise of payment to the seller would be implied by law; and if that presumption of fact can be controverted, so as to raise a promise to the principal by implication, it must be by evidence *aliunde*, proving the agency and property in the principal.

It is now well settled by authorities, that when the property of one is sold by another, as agent, if the principal give notice to the purchaser, before payment, to pay to himself, and not

to the agent, the purchaser is bound to pay the principal, sub-ject to any equities of the purchaser against the agent.

When a contract is made by deed under seal, on technical grounds, no one but a party to the deed is liable to be sued upon it; and therefore, if made by an agent or attorney, it must be made in the name of the principal, in order that he may be a party, because otherwise he is not bound by it.

But a different rule, and a far more liberal doctrine, pre-vails in regard to a written contract not under seal. In the case of *Higgins* v. *Senior*, 8 Mees. & Welsb. 834, it is laid down as a general proposition, that it is competent to show that one or both of the contracting parties were agents for other persons, and acted as such agents in making the con-tract of sale, so as to give the benefit of the contract, on the one hand to, and charge with liability on the other, the un-named principals; and this whether the agreement be or be not required to be in writing, by the statute of frauds. But the court mark the distinction broadly between such a case and a case where an agent, who has contracted in his own name, for the benefit, and by the authority of a principal, seeks to discharge himself from liability, on the ground that he contracted in the capacity of an agent. The doctrine proceeds on the ground that the principal and agent may each be bound; the agent, because by his contract and promise he has expressly bound himself; and the principal, because it was a contract made by his authority for his ac-count. *Paterson* v. *Gandasequi*, 15 East, 62; *Magee* v. *At-kinson*, 2 Mees. & Welsb. 440; *Trueman* v. *Loder*, 11 Ad. & El. 589; *Taintor* v. *Prendergast*, 3 Hill, 72; *Edwards* v *Golding*, 20 Verm. 30. It is analogous to the ordinary case of a dormant partner. He is not named or alluded to in the contract; yet as the contract is shown in fact to be made for his benefit, and by his authority, he is liable.

So, on the other hand, where the contract is made for the benefit of one not named, though in writing, the latter may sue on the contract, jointly with others, or alone, according to the interest. *Garrett* v. *Handley*, 4 B. & C. 664; *Sadler* v. *Leigh*, 4 Campb. 195; *Coppin* v. *Walker*, 7 Taunt. 237; Story on

Agency, § 410. The rights and liabilities of a principal, upon a written instrument executed by his agent, do not depend upon the fact of the agency appearing on the instrument itself, but upon the facts; 1, that the act is done in the exercise, and 2, within the limits, of the powers delegated; and these are necessarily inquirable into by evidence. *Mechanics' Bank* v. *Bank of Columbia*, 5 Wheat. 326.

And we think this doctrine is not controverted by the authority of any of the cases cited in the defendant's argument. *Hastings* v. *Lovering*, 2 Pick. 214, was a case where the suit was brought against an agent, on a contract of warranty upon a sale made in his own name. The case of the *United States* v. *Parmele*, Paine, 252, was decided on the ground that, in an action on a written executory promise, none but the promisee can sue. The court admit that, on a sale of goods made by a factor, the principal may sue.

This action is not brought on any written promise made by the defendant; the receipt is a written acknowledgment, given by the plaintiff to the defendant, of part payment for the bark, and it expresses the terms upon which the sale had been made. The defendant, by accepting it, admits the sale and its terms; but the law raises the promise of payment. And this is by implication, *primâ facie*, a promise to the agent; yet it is only *primâ facie*, and may be controlled by parol evidence that the contract of sale was for the sale of property belonging to the plaintiff, and sold by her authority to the defendant, by the agency of the person with whom the defendant contracted.

We are all of opinion that the provisions of Rev. Sts. *c.* 28, § 201, do not apply to the sale of bark, as made in this case.

*Judgment on the award for the plaintiff.*