ROBINSON, Respondent, v. CITY OF ST. LOUIS, Appellant.

1. The inspector of the fire department of the city of St. Louis had power, under the thirteenth section of the ordinance establishing and regulating the fire department, approved April 5, 1856, (Rev. Ord. 434,) to order and contract for repairs of engine houses, where the repairs ordered amounted to more than fifty dollars ; a contract for repairs made by him as inspector, though not made in the name of the city of St. Louis, would be binding upon her.

*Appeal from St. Louis Land Court.*

This was an action commenced to enforce a mechanic's lien on the engine house of the Liberty Fire Engine Company of St. Louis. The said company and the city of St. Louis were defendants. A judgment by default was rendered against the company. At the trial the plaintiff adduced in evidence ordinance No. 3595 of the city of St. Louis. By the thirteenth section of this ordinance, it is provided among other things as follows : " Sec. 13. All repairs to engine houses or apparatus amounting to more than the sum of fifty dollars shall, on the certificate of the inspector, by whom only such repairs shall be ordered, be paid out of the city

treasury, out of appropriation for fire department; all other expenses made or incurred by any fire company on its own order shall be payable by said company out of its quarterly allowance. It is also hereby," &c. George N. Stevens was then introduced as a witness. He testified that he had been inspector of the fire department since 1856; that as such inspector he made a contract with plaintiff to repair the engine house of the Liberty Fire Company. This contract was as follows: "St. Louis, March 28, 1857. This article of agreement for repairing the Liberty engine house, made this day and date by and between George N. Stevens (inspector of the fire department of the city of St. Louis) of the first part, and James P. Robinson of the second part, both of the city and county of St. Louis, witnesseth, that the said party of the second part, for and in consideration of the sum of $1,788.50, contracts and agrees to repair said Liberty engine house according to the above specifications; and on the fulfillment of contract as above mentioned, the said party of the first part agrees and binds himself by this article to pay unto said party of the second part the above mentioned sum of $1,788.50. Witness our hand and seal, the day and date aforesaid. [Signed] George N. Stevens, Inspector Fire Department." Stevens also testified that the work done by plaintiff under said contract was worth $1,788.50; that he as inspector certified the same to be correct; that the city was in the habit of paying amounts certified by him for repairing engine houses. It also appeared that the necessary steps had been taken to secure a lien. The defendant asked the court to instruct the jury as follows: "The jury are instructed that the defendant is not a party to the contract read in evidence, and therefore the plaintiff can not recover in this action." The court refused to give the instruction. The jury found for the plaintiff.

*Bay* (city counsellor) for appellant.

I. The court erred in refusing the instruction asked by defendant. There is a fatal variance between the contract charged in the petition and the one given in evidence.

*Cline & Jamison*, for respondent.

I. The court did not err in refusing the instruction asked. The fire inspector had power to make the contract. It was binding upon the city. (Angell & Ames on Corp. § 294; Story on Agency, 160; Mechanics' Bank of Alexandria v. Bank of Columbia, 5 Wheat. 326; 9 Mass. 321; Dawes v. Jackson, 9 Mass. 464; Hovey v. Magill, 2 Conn. 680.) The certificate of the inspector bound the city.

Scott, Judge, delivered the opinion of the court.

The thirteenth section of the ordinance establishing and regulating the fire department (Rev. Ord. 1856, p. 438) empowered the inspector of the fire department to order repairs to engine houses where they exceeded in value fifty dollars. In pursuance to this ordinance the inspector made a contract with the plaintiff to repair the Liberty engine house for a sum exceeding fifty dollars. The only point, it seems, made for the city for the reversal of this judgment is, that it does not appear from the face of the contract that it was made by the city. There is no foundation for this objection. The inspector was sworn as a witness and proved that the contract was made by him for and on account of the city. The principles asserted in the case of the Mechanics' Bank of Alexandria v. The Bank of Columbia, 5 Wheat. 326, sanction the introduction of this evidence. But there was no necessity for any such evidence, for the contract on its face showed that it was made for the city. It was made by George N. Stevens, who was the fire inspector, as such inspector, and it was signed by him as such officer. As the ordinance gave the inspector authority to contract, he was not an agent in that sense of the word that made it necessary for him to use the name of the city in contracting.

Affirmed, the other judges concurring.