## HENRY DOW *v.* SAMUEL S. MOORE.

Ordinarily the acting partner in a trading concern, as a common country store, with authority to buy and sell, may bind the firm by a promissory note.

Where the articles under which the partnership was formed provide that the business shall be conducted upon the cash principle, and that no credit should be given, it is still competent for the holder of a note of the firm to prove that this restriction was subsequently abrogated.

If the name of the principal appear in a contract not under seal, and the intention to bind him, and not the agent, can be collected from the whole instrument, although that intention be informally expressed, the principal alone will be bound.

Therefore, a note in these words, "For value received I promise to pay Henry Dow, or his order, eighty-five dollars, for the use of N. E. P. Union Store, No. 607, on demand, with interest," and signed S. S. Moore, Treasurer, with proof that he was treasurer and acting partner of that firm, and that he had authority to bind the firm, must be regarded as the note of the firm and not of the agent.

ASSUMPSIT, for money had and received, and on four notes.   Plea, the general issue.   The notes are substantially like the following :

Northwood, Feb. 9, 1859.

For value received I promise to pay Henry Dow, or his order, eighty-five dollars, for the use of N. E. P. Union Store, No. 607, on demand, with interest.

$85.                                    S. S. MOORE, Treasurer.

The signatures of the notes were proved.

Defendant objected to the introduction of the notes in evidence ; the court admitted them, and defendant excepted.

Plaintiff and defendant were members or stockholders in said division, which carried on the business of a common country store in Northwood.   Plaintiff was one of the directors.   Defendant was treasurer and agent to buy and sell.   The constitution and by-laws of the division provided that its business should be conducted on the cash principle ; that no credit should in any case be given ; that persons might become members by signing the constitution and by-laws and paying $10.

Plaintiff offered to prove, by his own and other testimony, that the notes were given for money which he let defendant have, that he looked

to defendant to pay the notes, that defendant afterwards paid him $15, which he endorsed on one of the notes as directed by defendant, that, after the notes were given, and when defendant was about leaving the business, defendant said there had been some debts contracted, and that he had taken bills due to the division enough to pay its debts, and that he would collect said bills and pay said debts.

The court rejected this evidence, and plaintiff excepted.

Defendant offered evidence to prove that the money for which the notes were given was hired for the use of the division with the knowledge of plaintiff while plaintiff was a director; that defendant properly applied the money to the use of the division; that the note was understood by both parties to be the note of the division, and not of defendant; that defendant never assumed the debt to plaintiff as his own debt; that when he ceased to be treasurer, at the request of members of the division, he consented to collect bills and pay debts as far as his collections would go, which he had done; that the cash system was abandoned by the division, that goods were sold on credit to every officer of the division, and money was hired with the knowledge and consent of the division; and that, if all the bills taken by defendant to collect were charged to him, the division was indebted to him at the date of the writ.

The court rejected this evidence, and defendant excepted.

The court, *pro forma*, ordered a verdict for plaintiff for the amount of the notes less the endorsement, and defendant excepted.

*Stickney*, for plaintiff.

I.   The notes were properly admitted as the notes of the defendant. The notes upon their face purport to be the notes of the defendant, and not the notes of the division.   The language is, "I promise to pay," and not that the division promises.

The defendant does not undertake to promise in the name or in behalf of the division, he uses no apt words to bind the division, but he assumes to act as principal, and uses language to bind only himself.   The words "for the use of the division," and the word "treasurer," are mere matters of description put in for his own information that it might appear from the faces of the notes for what they were given.

The object was merely to show that he hired the money for the use of the division.   The notes came within that class of cases where the agent binds himself, and not the principal.   *Bradlee* v. *Boston Glass Man. Co.*, 16 Pick. 347; Story on Prom. Notes, 70; *Barker* v. *M. F. Ins. Co.*, 3 Wend. 94; *Simons* v. *Heard*, 23 Pick. 121; *Savage* v. *Rix & Co.*, 9 N. H. 283; *Woods* v. *Dennett*, 9 N. H. 55; *Pettingill* v. *McGreggor*, 12 N. H. 191; *Moore* v. *Wilson*, 26 N. H. 335; *Weare* v. *Gove*, 44 N. H. 196; *Thatcher & Co.* v. *Dinsmoor*, 5 Mass. 299; *Seaver* v. *Cushing*, 10 Cush. 324.

If the division was a partnership as the defendant contends, it was a limited partnership.   The power and authority of the agent or active partner to bind the firm for any debt, was limited by the constitution and by-laws, which they adopted when they organized the division.   It was

expressly provided therein that the business of the division should be conducted on the cash principle, and that no credit should in any case be given. The agent or active partner of such a partnership cannot bind the other members of the firm by any note without their consent. It would be doing business on credit, and in direct violation of the constitution. This limitation does not refer merely to the buying of goods on credit, as contended by the defendant, but extends to debts of all kinds. The object evidently was to prevent the company's getting in debt, but that object would be entirely defeated if the agent could give notes for borrowed money and bind the company. The statement of the defendant that no provision was made for raising a capital, is not correct. Persons becoming members were required to pay ten dollars. The money thus paid in by the members furnished the capital, and where large numbers united, as they generally do in such companies, it would furnish sufficient capital for such a store as they wanted in the country.

II. The defendant had no authority to bind his principals, and having used apt words to bind himself, he alone is bound by the notes. The principals for whom the defendant acted were all the members of the division. The agreement between these members was that they should do business upon the cash principle, and not upon credit. This agreement was one of the articles in the constitution and by-laws which they adopted; it was well known to both parties and was binding upon all the officers, agents and members. It was not in the power of the agent or officers to set aside that provision, or to bind the company or its members by any note, without their consent. If the agent, or officers, or any members agreed to waive that provision, and consented to the agent's doing business on credit, or to his giving notes for the company, that would not be binding, or have any effect upon those members who had not agreed or consented to it. A majority cannot, by their agreement, bind the rest. In order to bind all the members of the division, it must be shown that all the members had waived that provision, or consented to the agent's doing business on credit. There is no evidence or pretence that every member of the division had abandoned that provision or had ever given any such consent.

In a suit against the division, the plaintiff must join all the members or the writ may be abated, and he must recover against all or not against any. A plaintiff in assumpsit cannot recover against part of the defendants only. 1 Chitty Plead. 29, 30. If he sued the whole and failed as to one, the whole action would fail. It is clear, therefore, we think, that the defendant did not, by these notes, and could not by any notes, bind the members of the division so that the plaintiff could maintain an action against them, and consequently having used apt words, for the purpose, he bound himself by the notes even if the intention was to bind the division. We refer to the same authorities before cited in support of this position.

It is said by the defendant, that a liberal construction should be put upon instruments of this kind, so as to bind the principal and not the

agent, where it can be inferred that such was the intention.  We contend that the fair presumption and inference from the language of the notes and from the situation of the parties, was, that the intention was to bind the defendant, and not the division.

The plaintiff and defendant were both members of the division, and must be presumed to know the constitution which they had signed.  They must have known that, by the express agreement of all the members, the agent had no right to give a note in behalf of the division so as to bind the members.   This is strong evidence that such was not their intention. It will not be presumed that they intended to disregard that agreement, and thus violate their duty as officers.   The defendant had a right to hire money upon his own credit for the use of the division, and the plaintiff might properly loan it to him for that purpose ; in so doing, neither of them would violate any agreement, or do anything inconsistent with their duty as officers.   The defendant bought and sold all the goods, and had all the money and property in his own hands ; he could safely hire money on his own credit and buy goods, and when he sold the goods he could repay the borrowed money.   That was undoubtedly the calculation and understanding of the parties at the time.   It is much more reasonable and probable to suppose that such was their understanding, than it is to suppose that they intended to do what they knew they had no right to do, and what they had agreed not to do.   It would be well to know for what the notes were given, and for that reason he inserted in the notes that he hired the money for the use of the division. The plaintiff did not sue the defendant because the division had failed ; it has not failed, it has only stopped business ; the members are responsible farmers ; but he sued the plaintiff because he loaned the money to him, and looked to him for payment, and because he believed that he could not hold the division.

III.   Some part of the evidence offered by the plaintiff and rejected, should have been received.   If it be doubtful from the face of the notes, what party is bound by them, we suppose it would be competent to show by other evidence what the intention of the parties was, and to whom the credit was given, but if the question as to the party liable is to be decided solely from the notes, then such evidence would be immaterial. We think it was competent for the plaintiff to show that the defendant took and collected bills of the division sufficient to pay the debts of plaintiff and others.   The bills were set apart to pay the plaintiff, and when he had collected them the money belonged to the plaintiff, and an action for money had and received would lie to recover it.

IV.   The evidence offered by the defendant was properly rejected. The notes upon their face are the notes of the defendant, and not of the division, and the defendant did not bind the division, but only himself. For these reasons the evidence offered was immaterial ; it would not have discharged or affected the liability of the defendant if it had been introduced.

*Small*, for defendant.

The notes should not have been received in evidence, because they are the notes of the division and not the notes of the defendant.

I.    The defendant had authority to bind N. E. P. U. Division, No. 607, by promissory note.

The division was a partnership, and all the partners were liable for such debts as were contracted in conformity with the articles of association.    The provision in such articles, that the business should be conducted upon a cash basis, refers to the buying of goods, and not to the borrowing of money.    There being no provision for raising a capital among the partners, and it being impossible in the nature of things to carry on a trade in buying and selling goods upon a cash basis without capital, it necessarily results that it should be raised upon the credit of the partnership, unless some other mode not provided.    *Kaulbeck* v. *Pecker*, S. C. Vt. Jan. T. 1860, Law Rep. Feb. 1860, p. 617.

It is not now open to the plaintiff to object that business was done on credit.    The cash system had been abandoned by the firm, and the plaintiff took advantage of the abandonment, as the proposed evidence would have shown.    That evidence should have been received.

The defendant was a partner, was treasurer and agent to buy and sell, and so had authority to bind the firm by a promissory note, that being in the ordinary course of business, Story Part. sec. 102, and in this case necessity required it.

II.    The notes upon their face purport to be the notes of the division, and not the notes of the defendant.

A liberal construction is ordinarily adopted in the exposition of commercial instruments for the purpose of encouraging trade and meeting the necessities of business.    In furtherance of this policy if it can upon the whole instrument be collected, that the true object and intent of it are to bind the principal and not to bind the agent, courts of justice will adopt that construction however informally it may be expressed. Story Prom. Notes, secs. 68, 69; Story Agency, sec. 154, and cases cited.

The general rule is if the agent executes an instrument in the name of the principal, the agent is not bound.    Story Agency, sec. 263. The whole instrument is to be construed together, so as to give effect to every word of it if it can be done.

The notes in this case are properly executed to bind the firm, the New England Protective Union Division, No. 607.    *Emerson* v. *Prov. Hat Man. Co.*, 12 Mass. 237 ; *Moore* v. *Chandler*, 9 Mass. 335 ; Story Agency, sec. 154; *Pierce* v. *Gove*, 22 Pick. 168 ; *Despatch Line of Packets* v. *Bellamy Co.*, 12 N. H. 205, 229.

III.    If the defendant should be holden *prima facie* liable upon these notes, "that presumption may be rebutted between the original parties by proof that the notes were in fact given by the maker as agent, with the payee's knowledge;" Byles on Bills, [27,] 97, 98, Ed. 1856, note 1,

and cases cited ; and so the evidence proposed by the defendant should have been received.

IV.   There is sufficient on the face of the notes to show that the defendant intended, in giving the notes, to act for the division.   The plaintiff knew for a fact that he was so acting, that the money was applied accordingly, and as a director and member of the firm, the plaintiff took the benefit of the money, and it would not be consistent with equity and good conscience now that the firm has failed, and is in fact largely indebted to the defendant to allow the plaintiff to turn round and enforce payment of these notes against the defendant, contrary to the intention of the parties at the time the notes were made.

V.   The evidence offered by the defendant should have been received. There should have been another fact stated, namely : These notes were embraced in the treasurer's report as a part of the debts of the firm, while the plaintiff was a director, and with his knowledge and without objection.

BELLOWS, J.   We propose first, to consider whether the defendant had authority to bind the company by a promissory note.   Upon that point it appears that the company carried on the business of a common country store at Northwood, and that defendant was the treasurer and agent to buy and sell.   It appeared also that the constitution and by-laws of the association provided that its business should be conducted upon the cash principle, and that no credit should in any case be given. The defendant however, offered to prove that the cash system was abandoned by the company or division, that goods were sold on credit to every officer of the division, and money was hired with the knowledge and consent of the division.

Independent of any restriction contained in the constitution and by-laws there is evidence of authority in the defendant to bind the company by a promissory note.   He was the acting partner in a trading concern, a common country store; was the treasurer of the company and the agent to buy and sell, and from this might well be implied an authority to give a promissory note.   It is held, indeed, that a partner, and especially the acting partner, in a trading concern, has, as matter of law, an implied power to bind the firm by bill or note. Story on Part. sec. 102, 102 a, and notes and cases; *Winship* v. *Bank of A. S.*, 5 Peters. 529, 561; *Hedley* v. *Bainbridge*, 3 Adol. & Ellis New R. 316, 321.

The question, then, is, as to the effect of the restriction in respect to the mode of conducting the business.   Without undertaking, however, to give a construction to these provisions in the constitution and by-laws, we are of the opinion that the proof offered by the defendant of a subsequent change of the system, was competent.   It will be perceived that the offer was to prove that the credit system was abandoned by the division, and that money was hired with the knowledge and consent of the division ; and, of course, it is to be understood that the offer was to prove these things by competent testimony, such as would establish the

fact that the division had in some legal way abandoned the cash system, and had decided to do business upon credit; and as the evidence offered was rejected, and a verdict directed for the plaintiff, it must, for the purposes of the present inquiry, be taken that such a change was shown. That being the case, and the defendant having also offered to prove that the money for which the notes in suit were given, was hired for the use of the division with the plaintiff's knowledge while one of the directors, and that it was applied to that use, we are of the opinion that there was evidence of the authority of the defendant to give these notes and bind the company.

The remaining question is, whether this authority was executed in such way as to bind the principal, or whether the agent only is bound. In the case of sealed instruments executed by an agent, it is generally held that the covenant or undertaking must be in the name of the principal, or he will not be bound; and it has even been held that his name must be signed to the instrument, though it was otherwise decided in *Tenney* v. *East Warren Lumber Co.*, 43 N. H. 343.

In respect to instruments not under seal, the rule has been modified, and it is now well settled, that if the name of the principal appear in the contract, and the intention to bind him, and not the agent, can be collected from the whole instrument, although that intention be informally expressed, the principal alone will be bound. Story on Prom. Notes, sec. 68; Story on Agency, sec. 147, note 4, and sec. 149; *New England Ins. Co.* v. *De Wolf*, 8 Pick. 56, 63; 1 Am. Lead. Cases 600, and cases collected; *Townsend* v. *Hibbard*, 4 Hill's N. S. Rep. 351, 357; *Savage* v. *Rix*, 9 N. H. 265; and in *Tenney* v. *East Warren Lumber Co.*, before cited, a deed in the name of the company, but signed D. C. F., President, &c., and E. S. C., Treasurer, &c., was held to be the deed of the company.

The question then, in the case before us, is, whether the intention to give the notes of the principal can be collected from those instruments, viewed in the light of the surrounding circumstances. Upon the face of the notes themselves the name of the principal appears, the defendant signs it as treasurer, and taking into consideration the fact that he was then treasurer and agent of this principal, and authorized to give its note, it is quite clear that he signed as treasurer of that company, as much so as if after the word treasurer he had added its name. It is quite apparent that the name of the company is inserted as the party for whose use the notes were given, and not for whose benefit the various sums of money were to be paid; nothing of that kind is urged by plaintiff's counsel, and nothing could properly be urged of that sort.

We have, then, a case much like the *Despatch Line of Packets* v. *Bellamy Man. Co.*, 12 N. H. 229, where a promissory note signed with the agent's name, followed with the words, "Agent Bellamy Man. Co.," was held to be the note of the company, although in all other respects it was the note of the agent alone. In giving the opinion of the court, much stress is put upon the words appended to the agent's name, *Parker, C. J.*, saying that there was no good reason for adding them

if the agent had intended to make a personal contract, and this argument applies in its full force to the case at bar.

In *Savage* v. *Rix & al.*, 9 N. H. 265, the name of the supposed principal, the town of Dalton, did not appear in the note, and that was an insuperable objection to holding it to be the note of the town ; and it was held, also, that the committee had no authority to bind the town by a note, and on that ground the defendants themselves were holden.

In *Mechanics Bank of Alexandria* v. *The Bank of Columbia*, 5 Wheat. 326, a check dated "Mechanics Bank of Alexandria, June 25, 1817," and signed "Wm. Paton, Jr.," with proof that Paton was the cashier, and that the check was paid out by that bank for a balance due from it, was held to be the check of the bank and not of the cashier. See, also, *Story on Prom. Notes*, secs. 69 and 70, and cases cited ; 1 Parsons on Bills & Notes, 92.

Upon these views we think it may be collected from the notes that it was the intent to bind the company, and not the agent, and therefore there must be

*A new trial.*