MASON, Appellant, v. OGDEN

_____

(May 24, 1926.  Opinion and Decree.)
(June 7, 1926.  Rehearing Refused.)

_____

*(Syllabus by the Court.)*

1. **Louisiana Digest—Evidence—Par. 348.**

Effect will be given to parol testimony, introduced without objection, notwithstanding its tendency to controvert the terms of a contemporaneous written agreement.

Appeal from First City Court, Section "A".  Hon. W. Alexander Bahns, Judge.

Action by Edmond B. Mason against Oswald Ogden.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Clancy A. Latham, of New Orleans, attorney for plaintiff, appellant.

Guion & Upton, and W. Ogden, of New Orleans, attorneys for defendant, appellee.

WESTERFIELD, J.    Plaintiff, an architect, sues the defendant on a written contract for $240.00, the sum mentioned therein as the consideration for drafting plans and specifications concerning certain proposed structural changes to defendant's residence.  Defendant admits his signature to the contract and—

"Further answering the allegations of said paragraph respondent says that it was understood, and agreed between petitioner and respondent that the said plans and specifications therein referred to were to be submitted to the Eureka Homestead Association, through which Association respondent expected and hoped to finance the remodeling of his residence No. 315 Walnut St. by a loan from said Homestead Association, and that it was distinctly understood and agreed between petitioner and respondent that in the event that said Eureka Homestead Association refused to make the necessary loan to respondent for the purpose of remodeling said residence in accordance with said plans and specifications, said contract would be without any force or binding effect whatever.  Respondent further avers that predicated upon such understanding and agreement had with plaintiff, he signed said agreement of September 9, 1924.  Further answering respondent says that the said Eureka Homestead Association refused to loan to your respondent the amount necessary to remodel said premises in accordance with said plans and specifications, and respondent avers therefore that said contract is without any force or effect in law or in fact."

From a judgment in favor of defendant, plaintiff has appealed.

Plaintiff's contention is that evidence of a contemporaneous verbal agreement is inadmissible to contravert the terms of a written contract.  Defendant's counsel accepts this issue and seeks to show that this agreement is not within the rule invoked.  We can not conceive of any reason for excepting the oral agreement, pleaded here, from the general and universal rule:

"Parol evidence of a contemporaneous oral agreement is not admissible to vary, modify or contradict the terms of a written contract in the absence of fraud or mistake."  La. Digest, Vol. III, Verbo "Evidence", p. 202, Sec. 221.

There is here no allegation of fraud or error and it can not be contended that there is anything ambiguous in the contract or any necessity to explain its terms and conditions.  The oral agreement here set up is expressly declared to be contemporaneous and not subsequent as was the case in Harvey vs. Mouncou, No. 9127 Orl. App., Adv. Sheets, La. App. No. 7, p. 236.

But the parol evidence rule is not self operative. It is necessary that objection should be made to the introduction of parol evidence, otherwise, the party in whose interest the rule might be invoked, will be presumed to have waived its protection. This has long been the jurisprudence in this state.

The record in this case is barren of any objection to the introduction of parol testimony, affecting the contract sued on; consequently the evidence must be considered.

"The testimony to prove the contract for the emancipation of Pauline and her child, was parol. It was admitted without objection. It is conceded by defendants' counsel, that if effect must be given to the parol contract proven in this case, there should be judgment in favor of the plaintiff. But it is contended 'that the contract for the emancipation of the slave is but a sale of the slave to herself, and that under Article 2415 C. C., a verbal sale of a slave is null as well for third persons as for the contracting parties themselves, and the testimonial proof of it shall not be admitted. That the law does not say that parol evidence of a verbal sale of a slave is inadmissible, if objected to; but it says, that the verbal sale of a slave is void, even as between the vendor and vendee, and to say, that a certain form of sale declared void by express law, because made in that form, shall nevertheless be held valid because it is proved to have been made in the very form reprobated by the positive law, is an absurdity.'

"Were the Articles of the Civil Code on the subject of verbal sales a new question, the argument urged might have occasioned us much trouble, for it is in the light of a sale, we think, in which the contract between Pauline and Bourgeat for Julie, should be viewed in the present controversy.

"But the Article in question has been so often and with so much uniformity construed adversely to defendants, that the law on the subject must be considered as long since settled.

"Article 2415 of the present Code is identical with Art. 2, p. 344, of the Code of 1808. Under that Code the Article was construed, first, as contended for by defendant's counsel, but, after much discussion, it was held that a party who would object to parol evidence must except to its introduction. 5 M. R. 422. In the case of Bateman vs. Cormier, 1 N. S., the court said, parties have certainly a right to acknowledge a parol contract for land and they have a right to consent that their stipulations in regard to it, may be proved by parol. In the case of Mills vs. Hunter, 5 N. S. 121, the court, after comparing the other Articles of Code of 1808 on the same subject, arrived at the same conclusion. In the case of Strawbridge vs. Warfield, 4 La. 22, the court considered the corresponding Articles of the present Code and amendments, and adopted the same construction as had been given to them in the old Code, and gave effect to parol proof of the sale of a slave, such proof having been received without objection. This decision has been uniformly adhered to since. Hopkins vs. Lacoutere, 4 La. 64; Brown vs. Frantum, 6 La. 46; Henry vs. Hinkgrave, 19 La. 483; Jacob vs. Davis, 4 An. 39; 7 An. 33, Packwood vs. White; see also 3 An. 136. The question must, therefore, be considered as at rest."

The evidence in the record, its admissibility thus established, supports the defense by a clear preponderance of testimony. We omit any detailed discussion as useless.

It follows that the judgment appealed from must be and it is affirmed.