1872.]   PEOPLE ex rel. HAYDEN et al. *v.* CITY OF R. et al.   525

Statement of case.

THE PEOPLE ex rel. CHARLES J. HAYDEN et al., Respondents, *v.* THE COMMON COUNCIL OF THE CITY OF ROCHESTER et al., Appellants.

THE CITY OF ROCHESTER, Appellant, *v.* CHARLES J. HAYDEN et al., Respondents.

A statute cannot be held unconstitutional or defective where it may be completely executed without any violation of a constitutional provision, or any further action by the legislature.

The provisions of the act entitled "An act in relation to the erection of public buildings for the use of the city of Rochester," which provides that the commissioners to be appointed thereunder shall select, as a site for a city hall, either certain lands therein mentioned owned by the city, or some other piece of land in said city which they may deem suitable (Laws of 1872, chap. 219, §§ 3, 4), is not violative of the provision of the Constitution which prohibits the taking of private property for public use without compensation (State Const., art. 1, § 7), as under it the commissioners may select lands owned by the city; and such lands can be taken for the purposes of the act, without any provision for compensation.

The selection and procuring a site for the contemplated buildings are necessary steps toward the erection thereof, and are embraced in the subject expressed in the title of said act.

The insertion of this provision, therefore, in the act does not render it repugnant to the constitutional provision prohibiting the passage of a local or private act embracing more than one subject, and that to be expressed in its title.   (State Const., art. 3, § 16.)

(Argued December 11, 1872; decided December 17, 1872.)

THE matter first entitled is an appeal from order of the General Term of the Supreme Court in the fourth judicial department, reversing certain proceedings of the common council of the city of Rochester in relation to the erection of a new city hall in said city, which proceedings were brought up for review by writ of certiorari.   The second is an appeal from judgment of said General Term, entered upon an order affirming an order of Special Term sustaining a demurrer to the complaint.

Prior to April, 1872, the common council of the city of

Rochester had commenced proceedings for the erection of a city hall in that city. A lot was purchased by the city in ·the rear of the court-house, upon which, in January, 1872, ·the common council, by resolution, decided to erect the proposed building. A building committee was appointed, who entered into a contract and commenced the work. The assignee of the contractor subsequently surrendered the contract to the relators.

On the 12th April, 1872, an act was passed by the legislature (chap. 219, Laws of 1872), authorizing the appointment of commissioners to select a site for a city hall, and cause such hall to be erected. In pursuance of that act relators were appointed such commissioners. They selected as the site the lot purchased by the city for that purpose, made and recorded their certificate to that effect, and transmitted a copy to the common council, with a request that an ordinance should be passed setting apart the site so selected in perpetuity for such city hall, as required by section 3 of said act. The common council laid the communication on the table and failed to pass the ordinance as required by the statute. The building committee refused to recognize the authority of the commissioners and threatened to go on with the work, whereupon a writ of certiorari was issued on the prayer of the relators and an injunction obtained against the common council.

The commissioners then took possession of the premises and proceeded with the work, and demanded of the mayor and treasurer the issue of bonds under the act above referred to at chap. 219 and under chap. 771, Laws of 1872. Some bonds were issued and disposed of. The action second above entitled, was then commenced in the name of the city corporation against the commissioners, the mayor, and treasurer, setting forth the facts, alleging the acts referred to, under which defendants claimed to act, were unconstitutional and void, and asking that defendants be restrained in issuing and disposing of bonds or of the avails of those already disposed of.

Defendants demurred on the grounds, 1st. That it appears

that another action was pending between the parties for the same cause. 2d. That the complaint does not state facts sufficient to constitute a cause of action.

*George F. Danforth* for the appellants. The writ of certiorari should have been dismissed, there being a misnomer of the appellants. (Charter Laws of 1861, chap. 143.) The city is authorized to purchase such real estate as the purposes of the corporation may require. (Laws 1861, chap. 142, § 3; Laws 1850, chap. 536, § 139; Laws 1851, chap. 380, p. 761, § 12; Laws 1852, chap. 218, p. 296; Laws 1854, chap. 248, p. 562, § 9; *Ketchum* v. *Buffalo*, 14 N. Y., 356; *Peterson* v. *Mayor*, 17 id., 450; *Meech* v. *Buffalo*, 29 id., 216.) Chapter 219, Laws of 1872, is unconstitutional, and does not take away the power of the city to purchase real estate. (Cooley Const. Lim., 238; *Gorgon* v. *San Francisco*, 18 Cal., 590; *Montpelier* v. *Montpelier*, 29 Vt., 72; 27 id., 704; *Commonwealth* v. *Hutching*, 5 Gray, 485; *Campau* v. *Detroit*, 14 Mich., 272.)

*Henry R. Selden* for the respondents. The act of April 12, 1872, chap. 219, Laws 1872, does not conflict with the provisions of the Constitution. (Sedg. on Const. Law, 482; Cooley on Const. Law, 2d ed., 182; *Ex parte McCollum*, 1 Cow., 564; *Morris* v. *The People*, 3 Den., 394.) It contains but one subject, and that is expressed in its title. (*Brewster* v. *City of Syracuse*, 19 N. Y., 116; see also *Conner* v. *Mayor, etc., of N. Y.*, 5 N. Y., 285; *The People* v. *McCann*, 16 id., 58; *Litchfield* v. *Vernon*, 41 id., 123; *The People* v. *Supervisors of Chautauqua*, 43 id., 10; *The People* v. *Lawrence*, 36 Barb., 190, 191; Cooley on Const. Law, 144, 145, per Jewett, Ch. J.; *Stief* v. *Hart*, 1 Comst., 30; *Livingston* v. *Harris*, 11 Wend., 340; 1 Kent's Com., 464.) The act of April 12, 1872, supersedes the powers of the common council, if they had any, and vests them in the commissioners, and is valid and effectual. (*Harrington* v. *Trustees of Rochester*, 10 Wend., 547; *Dexter Plank-road Co.* v. *Allen*, 16 Barb., 15;

*Bowen* v. *Lease*, 5 Hill, 221, 225 and note *a; Daviess* v. *Fairbairn*, 3 How. U. S., 636; *The People* v. *City of Brooklyn*, 5 Albany Law Jour., 337; *People* v. *Flagg*, 46 N. Y., 401; *Darlington* v. *Mayor, etc.*, 31 id., 164, 193–196; *The People* v. *Draper*, 15 id., 532; *Wynehamer* v. *The People*, 13 id., 430; Cooley on Const. Law, 191–193; *The People* v. *F. and B. Plank-road Co.*, 27 Barb., 445, 449, 450; *The People* v. *Pinckney*, 32 N. Y., 377, 393, 394; *The People* v. *Batchelor*, 22 id., 138; *Brewster* v. *City of Syracuse*, 19 id., 118.) Municipal corporations have such powers as are expressly given them by statute, and such as are necessary to the exercise of the powers so given. (1 R. S., 600, § 3; *Hodges* v. *The City of Buffalo*, 2 Den., 110; *Halstead* v. *The Mayor, etc., of N. Y.*, 3 N. Y., 433; S. C., 5 Barb., 218, 224; *McCullough* v. *Moss*, 5 Den., 567; *Scott* v. *Onderdonk*, 14 N. Y., 9; *Ward* v. *Dewey*, 16 id., 519–525; *Crooke* v. *Andrews*, 40 id., 547.) The writ of certiorari was properly directed to the common council. (City charter, §§ 36, 57; *Starr* v. *Trustees of Rochester*, 6 Wend., 564; *Bogart* v. *The Mayor, etc., of the City of New York*, 7 Cow., 158; *People ex rel. Gambling* v. *Cholwell*, 6 Abb. Pr., 161; *People* v. *Board of Assessors*, 39 N. Y., 81; *People* v. *Board of Police*, 39 id., 506.) The city of Rochester cannot maintain this action. (*Petty* v. *Tooker*, 21 N. Y., 267; Laws 1870, chap. 151; *Sherwood* v. *Conolly*, 35 How. Pr., 124; *Attorney-General* v. *Utica Ins. Co.*, 2 John. Ch. R., 371.) An action to try the title to office between different claimants is brought by the attorney-general under section 431 of Code. It is an action in the nature of a *quo warranto*. (*People* v. *S. and R. R. Co.*, 15 Wend., 113; *Berrian* v. *Methodist Society*, 4 Abb. Pr., 424; *People* v. *Sampson*, 25 Barb., 254; *People* v. *Attorney-General*, 22 id., 117; *Parish of Bellport* v. *Tooker*, 28 id., 256; *The Mayor of New York* v. *Conover*, 5 Abb. Pr., 171; *People* v. *Draper*, 15 id., 532; *People* v. *Ryder*, 12 id., 433; *Doolittle* v. *Supervisors of Broome Co.*, 18 id., 159–163; *People* v. *Corporation of New York*, 3 Johns. Cases, 79; *Hartt* v. *Harvey*, 32 Barb., 55; *People* v. *Kip*, 4 Cow., 282;

*People* v. *Tibbits*, 4 id., 358; *Tyack* v. *Brumley*, 1 Barb. Ch., 519; *People* v. *Conover*, 6 Abb. Pr., 220.)   The question of title to a public office can only be tried in an action brought directly for that purpose. (*People* v. *Sampson*, 25 Barb., 254; *Tappan* v. *Gray*, 9 Paige, 507; S. C., 7 Hill, 259; *Howe* v. *Deuel*, 43 Barb., 504; *People* v. *Mattier*, 2 Abb. Pr. [N. S.], 289; *People* v. *Draper*, 4 Abb. Pr., 333; *Hughes* v. *Parker*, 20 N. H., 58; *Mayor of N. Y.* v. *Conover*, 5 Abb. Pr., 174; *People* v. *Stevens*, 5 Hill, 616, and cases there cited and note; *People* v. *Hills*, 1 Lans., 206; *Updegraff* v. *Crans*, 47 Penn. St., 103.)

GROVER, J.   The misnomer of the appellant claimed by the counsel was no ground for the dismissal of the writ.  (Code, § 173.)  The defendants had appeared and made return of all the proceedings required by the writ, and the variance in the name of the corporation was rightly disregarded.  It is not material to inquire whether the common council had power to adopt a site and erect a hall for the use of the city or not, for if it had such power, it was still competent for the legislature to substitute another agency for that purpose.  The question in the case is whether chap. 219, vol. 1, 562, Laws of 1872, is a constitutional and valid statute.  It is insisted that sections 3 and 4 of the act are not so, and that if not, no part of the act can be executed, and the entire act is therefore a nullity.  Section 3 provides that the commissioners who were to be appointed by the mayor shall select as a site for said city hall, either the piece of land owned by said city in the rear of the court-house in said city, or some other piece of land in said city which said commissioners may deem suitable.  That they shall make a certificate stating the site so selected by them, and containing an accurate description thereof, which shall be signed by them, or a majority, and acknowledged and recorded, as deeds of real estate are required to be, in the office of the clerk of Monroe county; and further, that if the site selected shall be a piece of land owned by the city, the commissioners shall transmit to the common council of the

530 People ex rel. Hayden et al. *v.* City of R. et al. [Dec.,

Opinion of the Court, per Grover, J.

city their certificate, and that the common council shall within two weeks after its receipt pass an ordinance setting apart in perpetuity for the said city hall the site so selected. Section 4 provides that upon the site so selected the commissioners shall cause to be erected, etc., and ready for use said building, etc. Other sections of the act provide for raising money to enable the commissioners to perform the duties enjoined. No provision is made by the act for compensation to the owner of the land selected, and for this reason it is insisted that sections 3 and 4 violate section 7, art. 1 of the Constitution, and are void for that reason. The argument is that section 3 authorizes the commissioners to select any piece of land in the city limits for the site, and that under this power they may select land not owned by the city, and that section 4 requires them to erect the building upon the site selected. That in case of the selection of a site not owned by the city, the act authorizes the land so selected to be taken for public use without making compensation. It is true that, in case of such a selection, and the owner was unwilling devote it to the public for that purpose, the commissioners could go no further. In that event, the act would have been fatally defective, and nothing more could have been done under it until provision for compensation was made by the legislature. But such a selection was not made. The commissioners did in fact select a piece of land owned by the city, and no question is or can be made but that this land may be used for the purpose of the act in the absence of any provision for compensation. (*Darlington* v. *The Mayor*, 31 N. Y., 164.) It follows that, in the event which has actually happened, the act may be completely executed without any violation of the section of the Constitution above referred to, or any further action by the legislature. Under these circumstances, sections 3 and 4 of the act cannot be held unconstitutional or the act defective.

It is also insisted that the title of the act does not comply with the requirement of section 16, article 3 of the Constitution. That section provides that no private or local bill which may be passed by the legislature shall embrace more than one subject,

and that shall be expressed in the title. The act in question is local, and therefore void, unless the title conforms to the requirements of this section. The title is as follows: " An act in relation to the erection of public buildings for the use of the city of Rochester." The objection is that by it no reference is made to procuring sites for such buildings. But buildings can no more be erected without sites than without materials or means to defray the expense. All these are details, and no reference thereto in the title is required. The act in all its parts may and will, with the site selected, be fully executed without any violation of the Constitution.

The judgment appealed from must be affirmed.

All concur.

Judgment affirmed.