## STATE *vs*. DANIEL AMERY.

Gen. Stat. R. I. cap. 79, prohibiting the sale and the keeping for sale of intoxicating liquors, contains no exception in favor of importers whose imported liquors remain in the original packages, or of dealers holding outstanding licenses :

*Held*, that the chapter, although void as to such importers, and perhaps void as to license holders, was valid as to others.

A law which is constitutional within certain limitations may, if it exceeds those limitations, be valid within them and void only for the excess.

Objections to the form of a criminal complaint cannot be taken in proceedings under Gen. Stat. R. I. cap. 209, §§ 1–9, Of taking constitutional questions to the Supreme Court.

CONSTITUTIONAL questions certified to the Supreme Court under Gen. Stat. R. I. cap. 209, §§ 1–9.

This case was a complaint and warrant under Pub. Laws R. I. cap. 392, of May 28, 1874, as amended by cap. 413, June 25, 1874, brought before the Justice Court of the town of Pawtucket. The complaint charged the defendant with keeping and suffering to be kept for the purpose of sale and not for the purpose of exportation, ale, wine, rum, &c., without a license, &c., contrary to the provisions of Gen. Stat. R. I. caps. 79 and 119, and Pub. Laws, cap. 392, May 28, 1874. At the trial the following constitutional objection was urged by the defendant : —

" That the law under the provisions of which said complaint is made, to wit, chapter 79 of the General Statutes, is unconstitutional, null, and void, in this that the General Assembly of this State, in passing the present prohibitory law, did not reserve the

right to importers to sell in the original package under the laws of the United States, and made no exception in favor of those whose license had not expired; and having failed in this, the whole law is void and it is no legal offence to sell intoxicating liquors, at and during the time covered by said complaint." And the case was thereupon, for the determination of this question, certified to this court.

*February* 16, 1878.   DURFEE, C. J.   The question submitted to us in this proceeding is whether chapter 79 of the General Statutes is constitutional?   Chapter 79 prohibits, subject to some exceptions and qualifications, the selling and keeping for sale of certain intoxicating liquors.   It does not except from the prohibition the selling and keeping for sale of imported liquors by the importers in the original packages.   The respondent contends that, inasmuch as the chapter does not make this exception, it is unconstitutional and void, and not only so in so far as it applies to imported liquors sold or kept for sale as aforesaid, but totally so, and consequently so in respect to himself, though he is not an importer and does not claim that the liquors which he is complained of for selling were imported, and in the original packages.

That the chapter is void as to importers selling or keeping for sale as aforesaid cannot be doubted, in view of the decision of the Supreme Court of the United States in the so called license cases.   5 How. U. S. 504; *State* v. *Robinson,* 49 Me. 285.   But because no exception is made in favor of such importers, is it therefore void, as the respondent contends, as to all other persons?   We think not.   It is perfectly well settled that a statute which is unconstitutional or void in part may still be valid as to the residue, unless the parts are so intimately connected that it cannot be supposed that one part was intended to be enforced independently of the other.   Cooley Constit. Limit. *78.   And so, also, a statute which is *ex post facto* as to acts or offences previously committed, and therefore as to them unconstitutional and void, may yet be valid as to subsequent acts or offences; and a statute which is unconstitutional and void as to past contracts, because it impairs their obligation, may yet be entirely valid as to contracts entered into after its passage.   Cooley Constit. Limit. *180; *Ross's case,* 2 Pick. 165, 172; *Hartung* v. *The*

*People*, 22 N. Y. 95; *People* v. *City of Rochester*, 50 N. Y. 525; *Golden* v. *Prince*, 3 Wash. C. C. 313; *Moore* v. *Fowler*, 1 Hemp. 536; *Baker* v. *Braman*, 6 Hill, 47.

These cases are not distinguishable in point of principle from the case at bar. The doctrine of them is, that if a law, which is constitutional under certain limitations, exceeds those limitations, it may still be operative within its legitimate sphere, and void only for the excess. The doctrine is applicable in the case at bar, and under it chapter 79 should be sustained, except in so far as it goes beyond the proper limits.

Indeed the Statutes of Rhode Island and Massachusetts, under which two of the cases reported in 5 How. U. S. 504, arose, did not contain exceptions in favor of importers, and yet convictions under them were sustained by the Supreme Court of the United States. It is true the objection here presented does not appear to have been explicitly made; but the fact that it was not made by the counsel, considering who they were, nor suggested by the court, is in itself almost equivalent to a decision that the objection has nothing in it. In *Commonwealth* v. *Kimball*, 24 Pick. 359, the objection was taken and was declared to be untenable, though in that case the statute was sustained on the broader ground that it was not unconstitutional or void in any particular. But, said Chief Justice Shaw, "supposing the law could be construed to be repugnant to the Constitution of the United States, in so far as it prohibited the sale of imported spirits by the importer in the original packages, it would be void thus far and no farther, and in all other respects conforming to the acknowledged power of the state government, it would be in full force." See also *State* v. *Snow*, 3 R. I. 64. We think the rule as thus stated is correct, though doubtless there are cases in which a different rule has been declared. We must therefore decide that chapter 79 is not totally unconstitutional and void for not reserving "the right to importers to sell in the original package," but that on the contrary it is constitutional and valid, notwithstanding the omission of any such reservation, as applied to all persons except such importers.

The same course of reasoning applies with the same effect to the other point, namely, that chapter 79 contains no exception in favor of the holders of unexpired licenses. Supposing, what

we do not decide, that the chapter is unconstitutional as to the holders of such licenses, still it is not on that account unconstitutional as to any persons but them.

The respondent objects that everything alleged in a complaint under the statute may be true, and yet the accused be innocent. This is an objection to the form of complaint, not to the constitutionality of the statute. It cannot be made in this proceeding. We may remark, however, that the general rule is, that if the accused is entitled to any special exemption, it is for him to show it in defence, and it need not be negatived in the complaint, unless it is expressed or incorporated by reference in the enacting or prohibitory clause of the statute.

*Edmund S. Hopkins,* Assistant Attorney General, for plaintiff.

*William B. Beach, Charles E. Gorman & Henry W. Allen,* for defendant.

NOTE. — For comments on this case and for corroborating authorities, see 17 Albany Law Journal, 319, issue of April 27, 1878.