## DUNBAR *v.* GARRITY.

Payments made generally on an account composed of items of debts, some of which are legal and some illegal, are first applied to the items of legal debts due.

A sale of imported liquor, not in the original package in which it was imported, was illegal under Mass. St., 1869, *c.* 415, *s.* 27.

ASSUMPSIT, for the balance of an account for spirituous liquor sold. The plaintiff sold to the defendant, in Massachusetts, at different times from 1871 to 1873, spirituous liquors, at prices amounting to $588.37. The defendant paid, at different times in 1871 and 1872, to be applied generally on account, $150 cash, and $80.60 liquors returned. The sales were all in violation of law, unless several sales of imported liquors, amounting to $148.97, and claimed by the plaintiff to have been sold in the original packages in which they were imported, were legal. If the payments were applied to the earliest items of the account, there would be due, of the $148.97, a balance of $102.07. If applied first to the items of imported liquors, there would be due one item of $52, charged for thirteen gallons of Irish whiskey, sold after the last payment. This sale was ten gallons of whiskey capable of making thirteen gallons of proof spirit. All the evidence tended to prove the ten gallons were not sold in the original package. A verdict was ordered for the defendant, and the plaintiff excepted.

*Faulkners & Batchelder*, for the plaintiff.

*Woodward & Wellington* and *Cushing*, for the defendant.

ALLEN, J. The payments, having been made generally on the account, must be first applied to the items of legal sales. This application of the payments satisfied all the charges in the account claimed to be legal except the item of $52. *Caldwell* v. *Wentworth*, 14 N. H. 436; *Kidder* v. *Norris*, 18 N. H. 532; *Hall* v. *Clement*, 41 N. H. 166; *Richards* v. *Columbia*, 55 N. H. 96.

The item of $52 was a charge for ten gallons of Irish whiskey. By the laws of Massachusetts, in force at the time the sale was made, the sale of spirituous liquor was prohibited, except that liquors of foreign production, imported under the laws of the United States, might be sold by the importer in the original package in which they were imported. Mass. Laws of 1869, *c.* 415, *ss.* 27, 30. The exception from total prohibition gave no right to sell imported spirituous liquors except in the original package, nor did it authorize any owner to sell them after they left the hands of the importer. It did not extend beyond the limits placed by the federal constitution on the power of a state to restrict foreign and inter-state commerce by legislation. *Brown* v. *Maryland*, 12 Wh. 419; *License Cases*, 5 How. 504; *State* v. *Robinson*, 49 Me. 285.

There was no evidence that the ten gallons were sold in the original package in which they were imported, nor that they were sold to the defendant by the importer. It was an unlawful sale, and the payments made by the defendant having satisfied the legal charges of the account, the plaintiff can recover nothing.

*Judgment on the verdict.*

BINGHAM, J., did not sit: the others concurred.