STATE *versus* RICHARD R. ROBINSON, *Appellant.*

STATE, } *versus* { CERTAIN INTOXICATING LIQUORS
*by libel of* *claimed by*
EZRA G. HAWKES, } { RICH'D R. ROBINSON, *Appellant.*

In a *complaint* for search and seizure, the description of the place to be searched was, "the store occupied by said R., situated on the northerly side of F. street, in said P., being numbered 197 on said street." In the *warrant*, the description was the same, except the number was stated to be 179: — *Held,* that warrant justified the search in No. 197, it appearing in evidence that R. occupied only that store, which was situated on the northerly side of F. street.

When a claimant of seized intoxicating liquors appeals from the decision of the magistrate, the appeal is properly entered at the term of the court held for the transaction of criminal business.

On the trial of the issue in such case in the appellate court, the same oath is to be administered to the jurors as in other criminal cases.

Under the laws of the United States, intoxicating liquors imported may be sold *by the importer*, in the original packages, without regard to the State law.

But they cannot be sold, even in the original packages, by any other than the *importer*.

If a person claims the right to sell intoxicating liquors in this State on the ground that he has imported them, the burden of proof is on him to show that he was the importer.

ON EXCEPTIONS to the rulings and instructions of DAVIS, J. THE first case was a search and seizure process, and the second was the libel of the liquors seized. The cases are stated in the opinion.

*Evans*, in support of the exceptions.

*Drummond, Attorney General, contra.*

The opinion of the Court was drawn up by

DAVIS, J.—Both of these cases were brought, by appeal, from the Municipal Court of the city of Portland. Though tried separately in this Court, certain questions were reserved on exceptions, which may conveniently be considered together.

The *complaint* prayed for process to search "the store occupied by said Robinson, situated on the northerly side of Fore street, in said Portland, being numbered 197 on said street." The *warrant* directed the officer to search the store, &c., giving the same description, except that the number was stated to be 179.

It was proved that Robinson occupied only one store, and that his store was on the northerly side of Fore street, being numbered 197.

The description was sufficient without the number, and was correct. The false demonstration in regard to the number could not injure the defendant, because it could not mislead the officer. The rest of the description was not only sufficient, if it had stood alone ; it was sufficient to enable the officer to correct the mistake in regard to the number. So that the whole description of the place to be searched, must be regarded as sufficient. *Downing* v. *Porter*, 8 Gray, 539 ; *State* v. *Bartlett*, 47 Maine, 388.

In the case against Robinson, for having the liquors in his possession unlawfully, *the exceptions must be overruled, and judgment be entered on the verdict.*

The liquors being libelled, they were claimed by Robinson. They were condemned, and he appealed to this Court. He entered his appeal at the next term of the Court for criminal business, where it was tried.

Upon the trial, it was contended by his counsel, that the case upon the libel was a *civil* action, and that the Court for *criminal* business had no jurisdiction of it.

Though the proceeding against the liquors is *in rem*, it is of a criminal nature. The gravamen of the charge is, that they were intended for unlawful sale. The libel is but a continuation of proceedings. And the statute itself provides that such appeals "shall be entered as all other appeals in criminal cases." Sec. 24.

The jury were sworn "well and truly to try the issue between the State and the claimant."

The process being a criminal one, the party prosecuting

is the State. The libel is really in behalf of the State, though the statute form does not require it to be so alleged. Any person claiming the liquors must make a written statement of the foundation of his claim, denying the allegations in the libel. The issue is between him and the State. The proper oath was administered to the jury.

Among the liquors seized were four baskets of champagne wine, which a witness for the libellant testified to have been, in his opinion, imported; and he further testified that he believed them to be original packages, and that they had never been opened. The jury were instructed that, if they were imported under the revenue laws of the United States, and were original packages, unopened, and the claimant intended to sell them in this State in such packages, and not otherwise, he had shown no right to do so; and that such a sale, upon the evidence in the case, would be in violation of law.

Upon this point, the line of division between the power of the federal government and that of the State, has been settled. Under the power granted by the constitution to regulate commerce with other nations, Congress may authorize a person to import intoxicating liquors, and to sell the same in the original packages. But here the power of Congress ceases, and the jurisdiction of the State begins. *Brown* v. *the State of Maryland*, 12 Wheat., 262. No one but the importer himself has the right to sell, except as allowed by the laws of the State; and he can sell only in the original packages. The power of the State is plenary to regulate or prohibit all sales, except such as are thus made by the importer himself. Those who purchase from him have no such right to sell. *The License Cases*, 5 How. 504.

It is not pretended, in the case at bar, that the wine was imported by Robinson. If he claimed the right to sell it on that ground, the burden of proof was on him to show that he was the importer. No evidence on that point was offered. The instructions given to the jury, that he had

shown no right to sell, were correct; and *the exceptions must be overruled.*

TENNEY, C. J., RICE, APPLETON, GOODENOW and WALTON, JJ., concurred.