## SUCCESSION OF GEORGE ALEXANDER.

It is a presumption of the law, that every species of property found in a person's possession at his death belongs to his succession.

Papers registered in the Custom-House at New Orleans when under the control of the so-called Confederate States Government, have no legal entity, and copies are not evidence for any purpose in our Courts.

Where documents are received without objection, although illegal, they will be taken as evidence, but it will not be entitled to much weight.

APPEAL from the Second District Court of New Orleans, *Whitaker*, J. *Cutler & Hawkins*, for opponent and appellant, Lindsey. *Fellows & Mills*, for administrator. *J. Ad Rozier*, for Estes. *T. Drouet*, for curator ad hoc.

ILSLEY, J. Lewis Lindsey, the opponent, is appellant from a judgment of the District Court, disallowing his claim for the one-third ownership in the steamboat Louisiana Belle, which was found in the succession of George Alexander; and also for one third of all the moneyed assets found in the succession, which he says were the earnings of the said boat, and to which he is legally entitled as a partner of the said Alexander, engaged with the said boat in the carrying trade.

Before filing his opposition to the curator's account, on which judgment was rendered against him, he had instituted against the curator, in the same Court, a separate action for the same cause, and by agreement this suit and the opposition were consolidated and tried together.

It is a presumption of the law, that every species of property found in

a person's possession at his death belongs to his succession. *Lynch* v. *Benton*, 12 Rob. 113. And it therefore devolved on the opponent to establish the reality of his title and claim to the one-third part of the boat and of the moneys found in the succession. He exhibits for this purpose a notarial act of sale and transfer, passed before the Recorder of the Parish of Pointe-Coupée, on the 14th April, 1862, by which W. B. Brown declares that he sells to Lindsey, for the price therein stipulated, one-third of the ownership of the said boat, then lying in the river Mississippi, at Waterloo, in the Parish of Pointe-Coupée.

There is also in the record a paper dated in February, 1862, certified as a true copy of the original enrolment of the Louisiana Belle, relied on to prove title in Brown, by his own sworn statement, of one-third interest in the boat. It is signed "R. H. Miller," who styles himself "Deputy Collector."

This paper is certified as being at the time registered at the Custom-House at New Orleans, an office then under the control of the so-called Confederate States Government, and which was in open rebellion against the United States.

Such documents cannot be deemed public and official, they have no legal entity, and are not evidence for any purpose in our Courts.

There is nothing whatever to connect W. B. Brown with that paper, but the statement of a functionary who had usurped the place of a duly constituted officer of the Government of the United States, and his statements have no legal value whatever.

Beyond the declaration in the act of sale to Lindsey, that Brown was, at the time of the transfer, the master of the Louisiana Belle (a declaration which does not affect Alexander, as he was no party to that act), there is not a scintilla of evidence in the record to show title, either in Brown or Lindsey, to the boat, or the possession of her at any time by either of them.

The enrolment of the boat made by Alexander in the United States Custom-House in New Orleans, with his affidavit of sole ownership thereof in himself, although inadmissible to prove title in Alexander, yet, having been received without objection, is evidence in the case. See *Hopkins* v. *Lacordare*, 4 La. 64. It is not, however, entitled to much weight, see *Gilmore* v. *Brenham*, 3 A. 34; but, coupled with the fact of the exclusive possession of the boat by Alexander some time previous to, and at the time of his death, it strengthens the presumption of ownership, which that possession raises, if indeed, any such evidence at all was needed against Lindsey, who has exhibited no title or possession at all. If he had a joint ownership in the boat, he should have put the fact beyond all question. *Gilmore* v. *Brenham*, 3 A. 34.

The judgment of the District Court must be affirmed.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be affirmed, at the costs of the appellant.