## STATE *vs.* BURROWS'S LIQUORS.

The proceeding under the 22d section of the statute relating to spirituous liquors (Gen. Stat., tit. 63,) for the seizure and condemnation of liquors kept for sale in violation of the act, is a proceeding *in rem*, and charges no personal offence against the owner or keeper.

If the person named in the complaint as the owner or keeper of the liquors, or any other person claiming an interest, appear before the justice to show cause why the liquors should not be forfeited, the persons so appearing become severally parties defendant, (unless claiming a joint interest,) and are treated as such in all the subsequent proceedings, and each party defendant has a separate right of appeal.

Where in such a proceeding several parties appear and are entered as defendants before the justice, and one of the defendants appeals to the Superior Court from the judgment of forfeiture by the justice and another defendant does not appeal, the defendant not appealing has no right to appear and make defense in the Superior Court.

COMPLAINT under the 22d section of the act relating to spirituous liquors, made to a justice of the peace by three citizens of the town of Groton in New London County, charging that the liquors were kept by one S. W. Burrows for the purpose of selling them in violation of the act. A warrant was issued by the justice for the seizure of the liquors, and public notice given as required by the statute, and at the time of the hearing upon the return of the warrant Burrows appeared and claimed an interest in the liquors and defended the case. The case was adjourned, and at the adjourned hearing one John Elkinton appeared and claimed to own the liquors, and was entered as a party defendant in the cause. After hearing the parties the justice found that the liquors were kept by Burrows for the purpose of being sold in violation of the act, and adjudged the same forfeited to the town of Groton, and that costs should be paid by Burrows and execution be issued therefor. From this judgment Elkinton appealed to the Superior Court, where the case was tried to the jury, who returned a verdict that the liquors when seized were kept by Burrows for the purpose of being sold in violation of the act.

Before the case was tried to the jury Burrows claimed the right to appear and file his plea as a party defendant. But

the court (*Park, J.,*) refused to allow him to file a plea or appear, and after final judgment upon the verdict Burrows filed a motion in error, assigning as error the refusal of the court to allow him to appear and file a plea as defendant.

*Wait* and *Pratt,* with whom was *Lippitt,* for the plaintiff in error.

*Halsey* and *Brandegee,* with whom was *Clift,* for the State.

BUTLER, C. J. The court was clearly right in rejecting the plea of Burrows. He had no standing in the Superior Court.

The proceeding is special, statutory, and *in rem,* and every step is specifically prescribed. The warrant is framed and issued to search for and seize the liquors, and charges no personal offence against the owner or keeper, and does not prescribe his arrest or summon him to answer.

When the liquors are seized and taken into the custody of the law, the justice who issued the warrant is required to summon the party named in the complaint as owner or keeper, and all other persons who may have an interest in the liquors, by written notice, served upon the person named in the complaint as owner or keeper, and posted on the public sign-post in the town, to appear at a specified time and place to show cause why the liquor should not be forfeited. If the person named, or any other person claiming an interest in the liquor, appear to show such cause, they become severally parties defendant, (unless they have a joint interest,) and are recognized and treated as several parties defendant in all the subsequent steps and proceedings prescribed by the statute. The 25th section, which authorizes an appeal, is carefully and specifically framed in accordance with that idea. Each party having a several interest is given a separate right of appeal, and must give a separate recognizance, and he may have the issue made by him tried separately, and a separate judgment against him for cost.

In this case Elkinton and Burrows had no joint interest as

joint owners or partners, and though both appeared the issues made by them were several and distinct. Burrows appeared as keeper, claiming no title to the liquor and denying that he kept it for sale. Elkinton appeared as the owner, denying also of course that the liquors were kept by Burrows for sale. The justice found that the liquors were kept for sale, and declared them forfeited. Elkinton appealed, but Burrows did not. It was not important that he should so far as Elkinton was concerned, for the latter could make the same issue before the Superior Court which Burrows could make. As Burrows took no appeal he had no case in the Superior Court, and was not a party to the appeal of Elkinton. No judgment could be rendered against him for costs in the Superior Court, nor could he be recognized for any purpose as a party to the pending appeal. The court was clearly right therefore in refusing to recognize him as such a party.

There is no error in the record.

In this opinion the other judges concurred; except PARK, J., who having tried the case in the court below did not sit.