COMMONWEALTH *vs.* INTOXICATING LIQUORS, Ephraim D. Weatherbee, claimant.

Under the St. of 1869, *c.* 415, § 51, regulating the mode of trial for the forfeiture of liquors seized under a search warrant, the court cannot render a judgment of forfeiture upon the default of the claimant without proof of the allegations of the complaint ; but after default the claimant is not entitled, except at the discretion of the court, to offer evidence or to be heard at the trial.

COMPLAINT to a district court under St. 1869, *c.* 415, § 44, for the forfeiture of intoxicating liquors alleged to be kept for sale by Ephraim D. Weatherbee. In the opinion of the court before which the warrant was returnable, the value of the liquor seized with the vessels containing it exceeded $20, and the notice was made returnable to the Superior Court.

At May term, 1872, of that court Weatherbee appeared and claimed the liquors and afterwards, during the same term, was defaulted.

At October term, 1872, Weatherbee moved that the default be stricken off, and that he oe allowed to appear and claim the goods. The motion was overruled by *Scudder*, J., and " it was thereupon adjudged by the court that said intoxicating liquors and the vessels containing them were forfeited to the Commonwealth." From this decision Weatherbee appealed.

*M. J. McCafferty*, for Weatherbee.

*C. R. Train*, Attorney General, for the Commonwealth.

MORTON, J.   The record in this case shows that Weatherbee was alleged to be the person by whom the liquors seized were kept; that at May term, 1872, he appeared claiming said liquors, and afterwards and during said term was defaulted; that at the next October term he filed a motion that the default be stricken off, and that he be allowed to appear and claim the goods seized; that his motion was overruled, and " it was thereupon adjudged by the court that said intoxicating liquors and the vessels containing them were forfeited to the Commonwealth." The record does not show that any hearing was had, but it appears that the judgment of forfeiture was entered in consequence of the default, and without any further trial or hearing by the court.   We think this was erroneous.   The claimant, in a case like this, does not stand in the position of a defendant in a civil suit, whose default admits all that is alleged against him.   He is not put under any recognizance to appear, and is not obliged to appear at all.   The statute provides that he may appear and make his claim, and be admitted as a party on the trial; but " whether a claim as aforesaid is made or not, the justice or court shall proceed to try, hear and determine the allegations of such complaint, and whether said liquors and vessels, or any part thereof, are forfeited."   St. 1869, *c.* 415, § 51.

The proceedings are of a criminal nature.   *Commonwealth v. Intoxicating Liquors*, 14 Gray, 375.   *Commonwealth v. Intoxicating Liquors*, 13 Allen, 561.   The statute requires that the government should, as in other criminal cases, prove the allegations in the complaint, before a judgment of forfeiture can be rendered.   If a claimant appears, and through his laches or otherwise is in default at the time of trial, it would justify the magistrate or court in proceeding in his absence, but would not justify rendering judgment of forfeiture without proof of the allegations of the complaint.                     *Judgment set aside.*

·   After the above judgment was set aside, the case came for trial in the Superior Court before *Dewey*, J.

After the empanelling of the jury, the attorney for the Commonwealth objected that Weatherbee having been defaulted had no right to be heard. The court so ruled and against Weatherbee's objection withdrew the case from the jury. The case was then tried before the court without a jury, and the court refused to hear Weatherbee or any witnesses he might call. After a judgment of forfeiture, Weatherbee alleged exceptions which were " allowed if the said claimant had any right of exception."

The exceptions were argued at September term, 1874.

*M. J. McCafferty*, for Weatherbee.

*C. R. Train*, Attorney General, for the Commonwealth.

GRAY, C. J. The fact that the person, alleged in the complaint to be the keeper of the liquors seized, had, after being notified and appearing and claiming the liquors, and thus becoming a party to the case, been defaulted, did not authorize the court to enter a judgment of forfeiture of the liquors, without trial and proof of the allegations of the complaint; or prevent the claimant from taking advantage of an error in this respect, apparent on the record, by appeal from the judgment of forfeiture, as he was allowed to do when this case was before us last year. But having been thus defaulted, he was not entitled, except at the discretion of the court in which the case was pending, to be heard or to offer evidence upon the trial of the question whether the liquors should be forfeited. *Exceptions overruled.*