COMMONWEALTH *vs.* CERTAIN INTOXICATING LIQUORS, Thomas Kelley, claimant.

Worcester.    October 4. — 21, 1886.    DEVENS & W. ALLEN, JJ., absent.

A complaint made by "Freewaldau C. Thayer," signed "F. C. Thayer, complainant," and certified by the clerk of the court to which it is addressed to have been "received and sworn to before said court," sufficiently appears to be signed and sworn to by the complainant.

The oath of one of the complainants, required by the Pub. Sts. *c.* 100, § 31, to authorize the issue of a warrant to search a dwelling-house for liquor, does not form a part of the complaint, although incorporated therein; and, at the trial to determine whether the liquor seized shall be forfeited, the government is not required to prove that intoxicating liquor has been sold in the house contrary to law within one month prior to the filing of the complaint.

COMPLAINT, on the Pub. Sts. *c.* 100, § 30, to the Central District Court of Worcester, alleging that, on July 6, 1886, certain intoxicating liquors were kept and deposited by Thomas Kelley in a certain dwelling-house, the cellar under the same, the outbuildings, and the premises there situate, to wit, on Woodland Street in Worcester, and occupied by Kelley, a place of common resort being then kept therein, which liquors were intended by Kelley for unlawful sale in this Commonwealth; and praying for a warrant to search said premises for said liquors, that the same might be declared to be forfeited, and that Kelley and all other persons claiming an interest in said liquors might be summoned to appear before said court, to show cause why said liquors should not be declared forfeited. The complainant, in the body thereof,

purported to be made by Freewaldau C. Thayer and Amos Atkinson, and it was signed " F. C. Thayer, Amos Atkinson, complainants."

In the body of the complaint was incorporated the following affidavit: " And I, Freewaldau C. Thayer, one of the above-named complainants, on oath, say that I have reason to believe, and do believe, that intoxicating liquor, such as is above mentioned, has been sold in the house above mentioned by the occupant of said house, and with the consent and permission of the occupant of said house, contrary to law, within one month next before this day, and that said liquor above mentioned is now kept in said house for sale by said Kelley contrary to law, and my belief aforesaid is founded on the following facts and circumstances: Common report is that intoxicating liquors are sold there."

The jurat attached to the complaint was as follows: " Worcester, ss.   Received and sworn to this sixth day of July in the year of our Lord one thousand eight hundred and eighty-six, before said court.   E. T. Raymond, Clerk."

The warrant issued on the complaint set forth that the complaint was made by Freewaldau C. Thayer and Amos Atkinson.

Certain liquors were seized on the warrant.   Said Kelley appeared as claimant thereof in the Superior Court, and, before the jury were empanelled, filed a motion to dismiss the complaint, for the following reasons: " 1. The offence is not fully, plainly, and substantially described in the complaint and warrant.   2. The names of the complainants are not set out in the warrant.   3. The complaint is uncertain and indefinite as to the place to be searched, and as to the place in which the liquors are alleged to have been kept."   *Blodgett,* J., overruled the motion, and the claimant excepted.

At the trial there was evidence tending to show that a part of the liquors described in the complaint were found by the officer in the cellar of the dwelling-house of the claimant.

The claimant asked the judge to instruct the jury that " the Commonwealth must prove affirmatively that liquors were sold from the dwelling-house described within one month prior to July 6, in order to warrant the confiscation of the liquors there found."   The judge refused to rule as requested.

The jury found that the liquors described in the complaint were kept by the claimant for sale in violation of law; and the claimant alleged exceptions.

*J. Hopkins*, for the claimant.

*E. J. Sherman*, Attorney General, for the Commonwealth.

MORTON, C. J. In the body of the complaint, Freewaldau C. Thayer and Amos Atkinson are named as complainants. The complaint is signed " F. C. Thayer, Amos Atkinson, complainants." The form of the signature and the official certificate of the clerk of the court clearly show that F. C. Thayer was one of the complainants, and identifies the F. C. Thayer who signed and swore to the complaint as the same person described as Freewaldau C. Thayer in the complaint. *Commonwealth* v. *Quin*, 5 Gray, 478. *Commonwealth* v. *Wallace*, 14 Gray, 382. No other insufficiency in the complaint was suggested at the argument, and the motion to quash was rightly overruled.

The statute provides that no warrant shall be issued for the search of a dwelling-house, unless one of the complainants makes oath or affirmation that he has reason to believe, and does believe, that intoxicating liquor has been sold therein, or taken therefrom for the purpose of being sold contrary to law, by the occupant, within one month next before making such complaint, and is then kept therein for sale contrary to law by the person complained against. Pub. Sts. *c.* 100, § 31. In this case, the warrant was issued for the search of a dwelling-house, and one of the complainants duly made the oath required by the statute. At the trial, the claimant asked the court to rule that "the Commonwealth must prove affirmatively that liquors were sold from the dwelling-house described within one month prior to July 6, in order to warrant the confiscation of the liquors there found." The court rightly refused this ruling.

The statute provides, that, " if it appears that the liquor, or any part thereof, was at the time of making the complaint owned or kept by the person alleged therein, for the purpose of being sold in violation of law," the court shall render a judgment of forfeiture. Pub. Sts. *c.* 100, § 37. The fact that liquor has been sold in the dwelling-house within a month before the making of the complaint, is not one of the elements of the offence

which subjects the liquor seized to forfeiture, and is not an issue in the hearing after the service of the search-warrant. The warrant being duly issued, the only question to be tried is whether the liquors were, at the time of making the complaint, kept for the purpose of being sold in violation of law. See *Commonwealth* v. *Intoxicating Liquors*, 105 Mass, 181.

*Exceptions overruled.*