STATE OF MAINE *vs.* INTOXICATING LIQUORS.

York. Opinion January 27, 1888.

*Intoxicating liquors. Search and seizure. Libels. Practice.*

Libels against liquors seized on search warrants are separate proceedings from the search and seizure process.

Such libels must be filed with the magistrate before whom the search warrant upon which the liquors were seized is returnable. It need not have been

returned. Such warrant, when issued by a trial justice, must be made returnable before any trial justice in the county.

Where the libel avers the search and seizure warrant to have been issued by the magistrate with whom the libel was filed, it is sufficient.

ON exceptions.

The exceptions were to the ruling of the court in overruling a demurrer to the libel.

(Libel.)

"State of Maine. York, ss. To Addison E. Haley, Esq., one of the trial justices, within and for the county of York : The libel of William E. Towne shows that he has, by virtue of a warrant, duly issued by Addison E. Haley, Esq., a trial justice in and for said county, seized certain intoxicating liquors and the vessels in which the same were contained, described as follows : about thirty-six gallons of whiskey in a cask, said cask being painted as a kerosene oil barrel, because the same were kept and deposited in the freight house of the Boston & Maine Railroad on the southerly side of the track of said railroad, in Kennebunk village, in Kennebunk, in the county of York, and were intended for sale within this state in violation of law. Wherefore he prays for a decree of forfeiture of said liquors and vessels, according to the provision of law in such case made and provided.

"Dated at Kennebunk, in said county, the twenty-seventh day of April, in the year of our Lord one thousand eight hundred and eighty-five.

"William E. Towne, Deputy Sheriff."

*H. H. Burbank, county attorney*, for the state.

This libel answers the requirements of § 41 of c. 27 of the Revised Statutes. The description of the liquors seized, the place of their seizure, and the purpose of their deposit, &c., if alleged with "reasonable certainty," is sufficient. *State* v. *Bartlett*, 47 Maine, 401.

*R. P. Tapley*, for the defendant.

While this proceeding is initiated by a single process, at the

return of that process "the proceedings are divided and constitute thenceforth two distinct cases." *State* v. *Miller*, 48 Maine, 581.

In *State* v. *Learned*, 47 Maine, 432, KENT, J., in delivering the opinion of the court says, "we do not doubt the power and right of the legislature to prescribe, change or modify the forms of process and proceedings in civil actions and to determine what shall be deemed a sufficient allegation in form or substance to bring the merits of the case before the court. But in criminal prosecutions, the exercise of this right is limited and controlled by the paramount law in the constitution."

In *State* v. *Robinson,* 49 Maine, 286, it was determined that the process was a criminal one and its elements and paternity are fully considered.

HASKELL, J. Libels under R. S., c. 27, § 41, of liquors and vessels seized on search warrants under section 40, although resulting from search and seizure process are separate and distinct proceedings to determine whether the liquors are forfeit as intended for unlawful sale in this state.

The statute requires public notice to be given of the time and place, when and where any person claiming the liquors may appear and show cause why the same should not be decreed forfeit.

A claim on oath may be made for the liquors, and the magistrate upon such evidence as may be presented is required to determine the truth of the respective allegations in the libel and claim, and make such order thereon as law and justice may require.

The proceedings upon the libel and claim are of a criminal nature, and the rules applicable to criminal cases apply. *State* v. *Robinson,* 49 Maine, 285. *State* v. *Guppy*, 80 Maine, 57.

No rule of criminal pleading is better established than that proceedings before magistrates, being courts of limited jurisdiction, must show upon their face that the magistrate has jurisdiction of the cause.

R. S., c. 27 § 41 provides, "when liquors and vessels are seized as provided in the preceding section, the officer who

made such seizure shall immediately file with the magistrate before whom such warrant is returnable a libel," etc. It need not have been returned.

Section 63, prescribes the form of such libel, which has been followed in this case; but the claimant demurs to the libel because it does not show the magistrate with whom the libel was filed was the magistrate before whom the search and seizure process upon which the liquors in question were seized was returnable. The libel avers that the liquors, etc., were seized upon a warrant issued by the magistrate with whom the libel was filed. R. S., c. 132, § 7, provides "warrants issued by trial justices shall be made returnable before any justice in the county; and a justice for issuing one not so returnable shall be imprisoned for six months, and pay the costs of prosecution."

R. S., c. 27, § 63, provides the form for warrants in cases of seizure, and that form commands the officer to bring the defendant "before me the subscriber or some other trial justice within and for said county," so that although section 40, might seem to require such warrant to be returnable before the magistrate who issued it only, such is not its real meaning taken in connection with the other statutes above cited.

All warrants are required to be "made returnable before any justice in the county." The libel in question avers the search and seizure warrant to have been issued by the magistrate with whom the libel was filed. The law required it to be returnable before himself as well as all other trial justices in the county, so that the averment as to who issued the warrant is equivalent to an averment that it was returnable before himself, and shows a case within the jurisdiction of the magistrate.

The proceedings on the original search and, seizure process need not be more fully recited than the statute form for a libel in such cases requires. No statute or common law rule requires that they should be. The libel in this case conforms to the statute requirements and is sufficient.

*Exceptions overruled.*

PETERS, C. J., WALTON, VIRGIN, LIBBEY and FOSTER, JJ., concurred.