STATE OF MAINE *vs.* COLEMAN CONNOLLY, Applt.

Cumberland.    Opinion April 22; 1902.

*Intox. Liquors.   Search and Seizure.   Warrant.   Return.   Waiver.*

1.  The insertion, in a warrant to search premises for intoxicating liquors, of a command to search the person of the respondent if the officer shall have reason to believe such liquors are concealed about his person (when no search of the person is made) does not vitiate the warrant.

2.  When the respondent in a lawful search and seizure process has submitted to arrest and has pleaded in court to the complaint, his subsequent objections to alleged deficiencies in the return of the officer upon the warrant are made too late, and cannot be considered.

*State* v. *Chartrand*, 86 Maine, 547, affirmed.

Exceptions by defendant.    Overruled.

This was a search and seizure complaint entered at the May term, 1901, of the superior court for Cumberland county on appeal from the municipal court of the city of Portland.    During the term a trial was had before a jury, and the respondent was found guilty. He seasonably filed a motion in arrest of judgment:—

1.    Because there was no return signed by the officer showing a seizure of any intoxicating liquors on said warrant.

2.    Because authority to search the person on said warrant was illegal.

After the filing of the motion in arrest of judgment, the county attorney asked leave that the officer amend his return on the original complaint in the municipal court in accordance with the fact and that a new copy of the complaint, warrant and return as amended be filed in the superior court, which motion the presiding justice allowed over the objection of the respondent's counsel.    To the allowance of the amended return the respondent seasonably excepted, and the matter came before this court on the motion in arrest of judgment and on exceptions.

*R. T. Whitehouse*, county attorney, for state.

After a verdict has been returned, a motion in arrest of judgment,

founded upon want of proper service, is too late. *Com.* v. *Gregory,* 7 Gray, 498; *Com.* v. *Henry,* 7 Cush. 512; *Gilbert* v. *Bank,* 5 Mass. 97; *Brown* v. *Webber,* 6 Cush. 560.

The defect is cured by verdict. R. S., c. 27, § 40; *State* v. *Stevens,* 47 Maine, 360; *State* v. *Plunkett,* 64 Maine, 534; *Spencer* v. *Overton,* 1 Conn. 3, note c.

Return amendable. *Anon.* 1 Pick. 196; *State* v. *Clough,* 49 Maine, 573; *Ring* v. *Nichols,* 91 Maine, 478; *Com.* v. *Parker,* 2 Pick. 549; *Briggs* v. *Hodgdon,* 78 Maine, 514; *Com.* v. *Carney,* 153 Mass. 444.

The order in the warrant to search the person was not acted on and is surplusage. *State* v. *Chartrand,* 86 Maine, 547. Hence it is no ground for discharging respondent found guilty of the offense charged in the complaint, viz: having intoxicating liquors in his possession on the premises in question, with intent of selling them illegally. *State* v. *McCann,* 61 Maine, 116; *State* v. *Plunkett,* 64 Maine, 537, 538; *State* v. *Bennett,* 95 Maine, 197.

*D. A. Meaher,* for defendant.

Direction to search the person, whether the officer does so or not, renders the entire warrant void. *State* v. *Chartrand,* 86 Maine, 547; *Hussey* v. *Davis,* 58 N. H. 317; *Entick* v. *Carrington,* 19 Howell's State Rep. 1030; *Grumon* v. *Raymond,* 1 Conn. 40, 44; *Lange* v. *Benedict,* 73 N. Y. 12, 29 Am. Rep. 80; *McLeod* v. *Campbell,* 26 Nova Scotia, 458; *Com.* v. *Intox. Liquors,* 109 Mass. 371; *Com.* v. *Intox. Liquors,* 115 Mass. 145; *Com.* v. *Intox. Liquors,* 116 Mass. 342.

Provision in warrant for search of person, if officer has reason to believe, etc., is unconstitutional. Bill of Rights, § 5; *Com.* v. *Certain Lottery Tickets,* 5 Cush. 369; *State* v. *O'Neil,* 58 Vt. 140, 162, 56 Am. Rep. 557; *Collins* v. *McLean,* 68 Cal. 284, 288; *State* v. *Grames,* 68 Maine, 418; *State* v. *Therrien,* 86 Maine, 425, 427, 41 Am. St. Rep. 564; *State* v. *Chartrand,* 86 Maine, 547.

Requisites of an officer's return. *State* v. *Grames,* 68 Maine, 418, 421; *Perry* v. *Dover,* 12 Pick. 211; *Wellington* v. *Gale,* 13 Mass. 483; *Swinney* v. *Johnson,* 11 Ark. 534; *State* v. *25 Packages of Liquor,* 38 Vt. 387, 388.

SITTING : WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, SAVAGE, POWERS, JJ.

EMERY, J.  After a verdict of guilty in this prosecution for the unlawful keeping of intoxicating liquors, the respondent moves for an arrest of judgment upon several grounds.

I.  The complaint contained no allegation that intoxicating liquors were concealed by the respondent about his person.  The warrant however contained this claim in parenthesis ("or if you shall have reason to believe that the said Connolly has concealed said liquors about his person you are hereby commanded to search him and if said liquors are found upon his person to arrest him.")  The officer serving the warrant did not search the respondent, but did search the described premises and found intoxicating liquors, and thereupon arrested him as commanded by another clause in the warrant.  The respondent contends that, although the above clause in the warrant was not executed nor in any way made use of, nevertheless its presence in the warrant vitiated the whole warrant and all proceedings under it.  The same contention was made, considered and overruled in *State* v. *Chartrand*, 86 Maine, 547.  At the request of the respondent we have re-examined the question in the light of his argument and the cases cited by him, but we find no sufficient reason for doubting the correctness of the decision in *State* v. *Chartrand*.  That decision is accordingly affirmed.

II.  The officer serving the warrant wrote out upon the usual blank on the back of the warrant his return of his doings in searching the described premises, and in finding and seizing the intoxicating liquors described, and also noted his fees for service, including the arrest of the respondent.  This particular return he did not then sign as a separate return.  He also made upon a separate paper his return in full of the arrest of the respondent, and signed it.  This paper he attached to the back of the warrant as his return, and then returned the warrant into the court.  This omission of the signature of the officer to that part of his return relating to the seizure of the

liquors is specified in the motion as a sufficient objection to rendering judgment.

We think the objection, if of any validity at any stage of the proceedings, is not valid when first made after verdict. The complaint and warrant were sufficient in substance and form. The arrest itself was legal (intoxicating liquors having been found), for no return of the finding of intoxicating liquors was needed to be made until after the arrest was made and the warrant returnable. *State* v. *Stevens,* 47 Maine, 357. The return of the arrest itself was regular and complete. The respondent yielded to the arrest without objection. He was properly before the court which had jurisdiction of the offense and of the process. He pleaded to the complaint and put himself upon trial. He went to trial and verdict by a jury, without any objection to the acts or omissions of the officer or to his return of his doings. He thereby waived all irregularities in the service of the warrant, or in the return of service. The right to arrest the respondent depended, not upon the officer's return, but upon the fact that intoxicating liquors were found; and that fact was to be proved before the court by competent evidence under oath and not by the officer's return on the warrant. *State* v. *Stevens,* supra. In' *Com.* v. *Gregory,* 7 Gray, 498, the respondent after verdict moved in arrest of judgment because the warrant had been served by a disqualified officer. The court held this to be practically a motion to dismiss the case for want of sufficient service of the process, and held that it was made too late. The court said "A motion to dismiss any action for want of due service, must be made before a general appearance in the action. This will certainly apply as strongly in criminal cases as in civil cases. If the party appears and pleads to the complaint or indictment, he is fully before the court and the court has jurisdiction of the case. After a verdict has been returned, it is quite too late to interpose a motion in arrest founded upon the want of proper service of the warrant." If an objection to a defect in the service of the warrant cannot be entertained after verdict, then a fortiori an objection, not to the service, but only to the return of service, cannot be. The court after verdict allowed the officer to supply the omission of his signature on the original warrant, and then allowed a new

copy of the complaint, warrant and return as amended to be filed. To this the respondent excepted, but his exceptions become immaterial upon our holding as above that the omission of the signature, first objected to after verdict, is not cause for arresting judgment.

The foregoing disposes of all the objections to rendering judgment, which were raised or noticed in the respondent's argument.

<div align="center">

*Exceptions overruled. Judgment for the state.*