COMMONWEALTH *vs.* INTOXICATING LIQUORS, WILLIAM B. MAHERN, claimant.

Middlesex. January 19, 1909. — November 24, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, BRALEY, SHELDON & RUGG, JJ.

*Intoxicating Liquors. Trespass, Ab initio. Officer.*

Although a deputy sheriff in making a search for and seizure of intoxicating liquors under the authority of a search warrant, issued under R. L. c. 100, § 72, for such liquors kept or deposited and intended for sale contrary to law, seizes more liquor than is described in the complaint and warrant and in his return states that fact, his seizure nevertheless is valid as to the liquor described in the complaint and warrant, and, upon a finding of a jury that so much of the liquor as was described in the officer's return and was not in excess of the amount described in the complaint and warrant was kept by the person in whose possession it was with an intention to sell it contrary to law, it may be adjudged forfeited to the Commonwealth.

COMPLAINT, received and sworn to in the First District Court of Southern Middlesex on February 8, 1908, under R. L. c. 100, § 72, for a warrant to search certain premises in South Framingham for "a certain quantity of whiskey, being about, and not exceeding one hundred gallons," and gin, rum, brandy, wine, ale, porter, lager beer and cider, each similarly described. A search warrant was issued and a seizure was made by a deputy sheriff. The officer's return showed that a seizure was made, and that the following articles were taken:

"About 112 gallons of whiskey in 1445 bottles;

About 74 gallons of ale in 298 bottles;

About 1 pint of beer in 1 bottle;

About 1 pint of wine in 1 bottle."

William B. Mahern, having claimed the liquors, was admitted as a party in accordance with R. L. c. 100, § 79.

On appeal to the Superior Court, the case was tried before *Lawton,* J. The claimant excepted to a refusal of the presiding judge to rule in accordance with his contention, which is set out in the opinion, and to an instruction to the jury contrary thereto. In answer to a question put to them by the presiding judge, the jury found that all the liquors described in the officer's return except so much whiskey as was in excess of one hundred gallons were "owned or kept by" the claimant "in the premises described in the complaint, for the purpose of being sold" illegally. Such liquors thereupon were adjudged forfeited to the Commonwealth; and the claimant alleged exceptions.

The case was submitted on briefs at the sitting of the court in January, 1909, and afterwards was submitted on briefs to all the justices.

*D. I. Walsh & O. Ray,* for the claimant.

*J. J. Higgins,* District Attorney, for the Commonwealth.

HAMMOND, J. This case is before us upon the claimant's exceptions taken at the trial before the jury, and the only question raised is that of jurisdiction. The point taken by the claimant is stated in his brief in the following form: "It is the contention of the claimant that the officer who by virtue of his search warrant seized and took the liquors in controversy and against which liquors this complaint is directed, did not act in strict compliance with his authority but voluntarily transcended the limits of said authority, in that he seized a larger quantity of whiskey than authorized by his warrant, making him a trespasser *ab initio,* and said seizure illegal and void, and this being so the court has no jurisdiction to forfeit any of the liquors seized and taken by virtue of said process."

It is to be noted that this is not an action against an officer. What may be the law as to his personal responsibility it is unnecessary to consider. Nor is it a case where the officer has failed to observe the law as to the seizure of the articles described in the warrant; and hence cases like *Purrington* v. *Loring,* 7 Mass. 388, *Smith* v. *Gates,* 21 Pick. 55, *Russell* v. *Hanscomb,* 15 Gray, 166, and *Blanchard* v. *Dow,* 32 Maine, 557, cited with other similar cases in the claimant's brief, are not pertinent.

We are dealing simply with the question whether, — the

officer having taken more whiskey than the amount described in the warrant, — the seizure was for that reason invalid as to all the liquors including the ale, beer and wine specified in the return. The law upon this question is well stated in the note to *Six Carpenters' case,* 1 Smith Lead Cas. (ed. 1903) p. 137, in the following language : " But, if there be a seizure of personal chattels, some of which are by law seizable, and some not, or some of which are subsequently abused, and the rest not, the seizure is or becomes illegal, only as to the chattels, which it was unlawful to seize, or which were subsequently abused, and the seizure of the rest continues legal." This principle was stated and followed by this court in *Commonwealth* v. *Intoxicating Liquors,* 113 Mass. 13, 20. The claimant attempts to distinguish that case from the present one by saying that in that case the fact of the seizure of the bay water did not appear in the officer's return upon the warrant, while here the illegal seizure of the extra twelve gallons does appear upon the return. But that is a distinction upon a matter immaterial to the question before us. It follows that the court had jurisdiction at least over the ale, beer and wine described in the warrant and taken by the officer, and that in refusing to dismiss the complaint and to instruct the jury as requested by the claimant there was no error.

*Exceptions overruled.*