## STEWARD *v.* STATE OF INDIANA.

[No. 22,280. Filed November 19, 1913.]

1. INTOXICATING LIQUORS. — *Searches and Seizures.* — *Nature of Remedy.*—A proceeding for the search and seizure of intoxicating liquors kept for purpose of unlawful sale is a statutory proceeding *in rem*, governed by the rules of civil procedure, although the complaint is in the nature of a libel in form assimilated to a criminal action, in that the prosecution is by the State against property devoted to an alleged unlawful or criminal use, and in which the State, in the exercise of its police powers, is the plaintiff, as in other cases of violation of the criminal laws. pp. 406, 408.

2. PROSECUTING ATTORNEYS.—*Authority to Administer Oaths.*— *Search and Seizure of Intoxicating Liquors.* — Under §9408 Burns 1908, Acts 1901 p. 38, the authority of a prosecuting attorney to administer an oath depends upon whether its administration is convenient and necessary in the discharge of an official duty, and since by the terms of §§8338, 8350, which provide for search and seizure of intoxicating liquors kept for purposes of unlawful sale, etc., the operation of the statute is restricted to violations of the laws of the State and to liquors "kept for unlawful sale," the prosecution of such proceedings is one of the official duties of a prosecuting attorney, who is a constitutional officer and is charged by §9403 Burns 1908, §5861 R. S. 1881, with the duty of prosecuting "the pleas of the State in the circuit courts" and of performing "all other duties required by law," so that his administration of the oath to an affidavit in a proceeding for the search and seizure of intoxicating liquor is authorized. p. 407.

3. INTOXICATING LIQUORS.—*Searches and Seizures.—Jurisdiction.* In a proceeding for the search and seizure of intoxicating liquors, when a proper affidavit has been filed, a proper warrant issued, and a seizure and return made, the property is in the custody of the law, and when jurisdiction of the subject-matter is thus obtained, it is not lost by reason of the warrant not having been posted on the premises and notice of the hearing given at the immediate time of seizure, but its exercise is merely in abeyance until the statutory provisions as to posting of warrant and notice have been complied with. pp. 408, 409.

4. COURTS.—*Jurisdiction.—Actions in Rem.*—When it becomes necessary for the judgment or decree to act upon the particular property, or thing attacked, jurisdiction attaches to the thing itself. p. 409.

5. INTOXICATING LIQUORS.—*Searches and Seizures.—Presumptions.*
—Where a person is found in possession of intoxicating liquors
to be sold in the place designated in the search warrant, and
exhibits a license to sell liquor to be drunk on the premises, the
presumption arises, under §8345 Burns 1908, Acts 1907 p. 27,
§9, relating to *prima facie* evidence as to keeping and sale of
liquors, that he is the owner of such liquors. p. 409.

6. INTOXICATING LIQUORS. — *Searches and Seizures. — Notice. —
Waiver of Irregularities.*—Defendant in a search and seizure
proceeding, by claiming the property and defending against its
destruction, waives any irregularity in the notice. p. 411.

From Allen Circuit Court; *James T. Merryman,* Special
Judge.

Proceeding by the State of Indiana, on affidavit and search
warrant, against Oliver Steward, charged with keeping in-
toxicating liquors for purposes of unlawful sales. From a
judgment ordering the destruction of property seized, the
defendant appeals. *Affirmed.*

*Harper & Eggemann* and *Leonard, Rose & Zollars,* for
appellant.

*Thomas M. Honan,* Attorney-General, *Albert E. Thomas*
and *Howard L. Townsend,* for the State.

MYERS, J.—Appellant and eight other named persons
were charged by affidavit in one paragraph sworn to before
the prosecuting attorney, and filed September 15, 1911, un-
der §8338 Burns 1908, Acts 1908 (s.s.) p. 27, with having in
their possession certain named intoxicating liquors, which
were being sold, bartered and given away as a beverage, and
were kept by them for the purpose of being sold, bartered and
given away in violation of the statutes of the State of Indi-
ana, in that they were being sold, bartered and given away
without any license so to do; that they were so sold, bartered
and given away, and were so kept for the purpose of being
sold, bartered and given away by them to be drunk in the
house and appurtenances thereto belonging to appellant and
the named persons, where the same were to be so sold with-
out any license so to do; that they were engaged in selling

and exposing for sale, and barter, said intoxicating liquors at a place where an agriculture fair and exhibition was being held, to wit, the annual fair and exhibition of the Fort Wayne Fair Association, the said named persons not being then and there engaged in carrying on a regular business in their usual place of transacting the same; that they had said intoxicating liquors in their possession for the purpose, and under the circumstances aforesaid, in and about the frame structure commonly known as the grand stand, adjoining the mile track upon the grounds of the Fort Wayne Fair Association, situated on a described tract of land, said structure being the only structure on the premises known as the grand stand, and that the said intoxicating liquors were kept there by them in bottles, barrels, boxes and other receptacles, vessels and containers, the nature of which was unknown, together with implements used and kept for such illegal selling, bartering and giving away of such intoxicating liquors, to wit, glasses, beer faucets, ice boxes, tanks and other implements used for such sale, the exact nature, description and names of which were unknown to the affiant.

Upon the filing of this affidavit a search warrant was issued under the order of the judge of the circuit court, directed to the sheriff, to enter the grand stand, describing it and its location as in the affidavit, and search for the described liquors and implements, and if any such were found, to bring the same forthwith before the Allen Circuit Court. The sheriff returned the writ showing his entry of the premises described and the seizure, September 15, 1911, of a large amount of intoxicating liquors and implements described, then and there in the possession of the named persons, in and about the frame structure commonly called the grand stand adjoining the mile track on the described tract of land, and that he had the property in his possession.

Appellant and the other eight persons, on October 4 and 17, 1911, and thereafter, sought by various written motions, made jointly and severally in the order here given, to dis-

miss the proceedings, all of which motions went to the questions, (a) of the validity of the affidavit, owing to its being sworn to before the prosecuting attorney, (b) because no copy of the search warrant had been posted in a conspicuous place on the building described, and no time had been set by the court for hearing, nor a copy thereof posted on the building searched, (c) because no copy of the search warrant had been posted on the building searched, (d) for the reason that no notice had been given of the time for hearing and determining the purpose for which the liquors were held, (e) because no notice was issued by the court fixing the time of hearing and such notice was not posted on the building searched. These motions were all overruled, and joint and several exceptions reserved. Appellant and the others on October 21, 1911, filed a separate and several plea to the jurisdiction, embodying therein all the grounds of their former motions, and asking the abatement of the proceeding on the ground that the court had no jurisdiction in the premises. They then filed an affidavit and obtained a change of judge. The plea to the jurisdiction was put at issue and tried, and the court found that no notice had been posted of the seizure of the liquors, and sustained the so-called plea in abatement in part, but in connection with the judgment on the plea, fixed the hearing for November 28, 1911, ordered the sheriff to post notice of the seizure and the time fixed for hearing, and make return according to the statute. This judgment was entered November 15, 1911. The sheriff then made return that on November 16, 1911, he posted in a conspicuous place on the grand stand where he found and seized the liquors in the possession of appellant and the others, a copy of the affidavit and search warrant and orders, including notice of time for hearing, issued and delivered to him. On the same day that the order was made appellant and the others filed their joint and several motions for judgment upon the findings on the so-called plea in abatement, that the proceeding abate, and that they have

judgment for the costs to the date of sustaining the motion, which motion the court sustained as to the costs, and overruled as to the other point, October 17, 1911. Appellant and the others filed their joint and several motions to dismiss the proceeding on the grounds, (a) that no proper notice was given at the time of or before the seizure, (b) that no notice of the seizure or intention to seize was given until November 16, 1911, (c) that no copy of the warrant was posted in September, or until November 16, nobody being found in possession of the premises or claiming ownership of the liquors, or the title thereto, (d) that the court had no jurisdiction of the subject-matter because no notice had been posted in a conspicuous place on the premises, (e) that the court had no jurisdiction after sustaining the plea in abatement owing to no notice having been given, to issue notice, and (f) that the court had no power or authority to direct the sheriff in November to post notices which should have been posted in September.

All these motions were overruled and exceptions properly reserved, and a second so-called plea in abatement was filed November 28, 1911, based upon the grounds, (a) that the sheriff did not post notice before, or at the time he seized the liquors, or until November 16, after the court had sustained a plea in abatement because no notice had been given, which deprived it of jurisdiction, (b) because the affidavit was sworn to before the prosecuting attorney, and moved for a judgment abating the proceeding. To this so-called plea in abatement a demurrer was interposed by the State on the ground of want of facts sufficient to constitute a plea in abatement, and because no facts were shown divesting the court of jurisdiction, was sustained and proper exception reserved. Thereupon appellant appeared and filed an answer to the affidavit, in which he claimed title to the liquor and vessels seized, and denying each and every allegation in the affidavit for seizure. Upon proper request

there was a special finding of facts with conclusions of law stated, exceptions to the conclusions of law by appellant, motion for judgment in his favor on the special findings overruled, motion for a *venire de novo* and a new trial by him overruled, and judgment ordering the destruction of the property, motion by appellant to modify the judgment so as to direct the sheriff to deliver the property to him, and that he recover costs. All these motions were overruled and exceptions reserved and appeal prayed.

Numerous errors are assigned, but they all present the questions of the sufficiency of the affidavit, the effect of no notice given until November 16, the effect of the pleas in abatement, the effect of the order made November 15, 1911, and the ultimate question of the jurisdiction of the court in the proceeding.

On trial the court found that the Fort Wayne Fair Association was an incorporation of the State of Indiana to promote and encourage agricultural and horticultural pursuits and productions in aid thereof, animal exhibitions, entertainments and displays usually incident thereto; that for a number of years and including 1911 it held its annual fairs on leased grounds near the city of Fort Wayne; that these grounds were leased from the Fort Wayne Driving Association; that appellant had been for six years the manager of a farm in Allen County, on which he resided, owned by one Tapp, who was then and had been for two years president of the Fort Wayne Fair Association, for which appellant received an annual salary; that in August of each of the years 1908, 1909 and 1910 appellant had been granted a license by the Board of Commissioners of Allen County to sell intoxicating liquors in the grand stand and in another structure on the premises known as the German Village; that for this privilege the Fort Wayne Fair Association had received large sums of money, in 1910, it being $2,000; that in each of those years appellant had no formal connection with the sale of liquors, or the management of the business,

and no interest in the profits or losses, but the same were under the sole direction and control of the persons paying the price for the concession to the Fort Wayne Fair Association; appellant had no license from the Federal Government, but that during all the time there was exhibited a license to the Fort Wayne Fair Association, that for 1911 having been issued in July; that the Fort Wayne Racing Association was a co-partnership in which appellant, with said Tapp, and one of the persons named in the affidavit and two other persons, were the co-partners; that July 29, 1910, appellant filed an application for a renewal of his liquor license in which he stated the place where the liquors were to be sold as the front room on the ground floor of the frame building known as the grand stand on the north side of the Fort Wayne and Hicksville Gravel Road, located on the south 5.35 acres of the west 76.70 acres of a described eighty acres of land. A license was granted August 1, 1911, to appellant which was destroyed between the time of the application for it and the time of its renewal; the bond executed by appellant described the place of sale as in the application. In July, 1911, appellant made application for the renewal of the license and in his application described the place as on the same 5.35 acres of land, and added a more particular description of land, which included the land on which the grand stand was located, but it was not located on the 5.35-acre tract, but 386 feet north of that tract. The renewal was granted and the place fixed as the south 5.35 acres of the west 70 acres of a described eighty acres, and no further description was given, and it thus continued until August 12, 1911, when the renewal license was taken by an attorney of appellant to the auditor and upon his request the auditor attached to the license a description by metes and bounds of the 5.35 acres as the place where the grand stand was located, and described the building as 32 feet wide north and south and 170 feet long, and known as the grand stand of the fair grounds of the Fort Wayne Driving

Association, and that the place where sale was to be made was the entire ground floor of this building, fronting and facing on the Hicksville State Road, a thoroughfare, with no obstructions between the building and the highway; that in fact the room could not be viewed from the highway, and was 570 feet from it; that no liquors had been sold under the license granted appellant on the ground described in the application and bond; that the fees for the license were paid by the racing association, and the latter pooled the income and divided the profits, and appellant received no part thereof; that the liquors sold were bought by one of the members of the racing association, and charged to him in the same account in which he was charged with goods sold and delivered to saloons owned by him in Fort Wayne, and opposite the charge were the marks "race track," and he was one of the persons in possession when the liquors were seized. Appellant had no experience in selling intoxicating liquors, and did not pretend or attempt to personally manage or conduct the business, and furnished none of the equipment or implements, but the latter were furnished by the member of the racing association who furnished the liquors, who also conducted two saloons in Fort Wayne, and was in the sole management of the business at the race track. The liquors were furnished under an arrangement by which payment for the goods sold under appellant's license was guaranteed by this man, prior to September, 1911; during the week of the fair goods to the amount of $949 were charged to appellant, upon a guaranty of payment by this man, who made all the arrangements for equipping the place during the week of the fair, September 12 to 16, and during that week various intoxicating, spirituous, vinous and malt liquors were sold in less than five gallons, at retail, in the grand stand under the license held by appellant, and drunk on the premises which were under the control of appellant, the man who had purchased the goods and equipment, and the Fort Wayne Fair Association, and the man who had pur-

chased the goods was cashier and custodian of the sales and
now holds the proceeds to await the result of this action, to
determine whether the goods must be paid for, or whether
they may be returned, and credited on the account, under an
agreement entered into at the time of the sale; that it has
been the custom of the Fort Wayne Fair Association and
persons to whom concessions for the sale of liquors were
granted, to fix a maximum amount to be paid, and after-
ward to modify and reduce it, if the weather conditions
were such as to interfere with the business; that appellant
for 1911 agreed to pay $1,200, and has paid $500, and the
subject of releasing him for the remainder has been the sub-
ject of discussion at the annual meeting of the stockholders
in January, 1912.    The liquors and appliances were seized
September 15, 1911, and were when seized in the immediate
possession and control of appellant, and the man who had
bought the goods, and eight or ten other persons who were
there engaged as bartenders in selling intoxicating liquors
to various persons in attendance at the fair, to which fair an
admission was charged; at the time of the seizure there were
displayed in the grand stand a government license to the
Fort Wayne Racing Association, and a license issued to ap-
pellant by the city of Fort Wayne, and the license issued
by the board of commissioners above referred to, and ap-
pellant and others were selling, and had the liquors there
for the purpose of selling at the time they were seized, and
the persons so selling were not in their usual business at
their usual places, but were temporarily selling in such
grand stand, and that the latter was not such a building as
under the statute was contemplated as a place where intoxi-
cating liquors may be sold at retail, and that other persons
were selling lunches and carrying on other business in the
same room, and that no liquors were sold in 1908, 1909 and
1910 on the premises described in appellant's application.
The sheriff's return shows that on his demand to search,
there were objections made by several persons to his taking

the property. On these findings the conclusion of the court was, that the liquor was being sold, bartered and given away in violation of the law, that neither appellant nor any other person had a license to so sell, barter or give away, and that the liquors were being sold, bartered and given away, when an agricultural fair was being held, and that they should be destroyed, and there was judgment accordingly.

It is the contention of appellant that the affidavit and search warrant were fatally defective, and conferred no jurisdiction on the court, because the affidavit was

1. sworn to before the prosecuting attorney; that this character of proceeding is a civil proceeding, and that prosecuting attorneys cannot administer oaths except when "convenient and necessary to be administered in the discharge of their official duties." §9408 Burns 1908, Acts 1901 p. 38. That this character of proceeding is governed by the procedure and rules in civil procedure is held in the following cases: *Regadanz* v. *State* (1908), 171 Ind. 387, 393, 86 N. E. 446; *Rose* v. *State* (1909), 171 Ind. 662, 670, 87 N. E. 103, 17 Ann. Cas. 228; *Campbell* v. *State* (1909), 171 Ind. 702, 706, 87 N. E. 212; *Kirkland* v. *State* (1904), 72 Ark. 171, 78 S. W. 770, 65 L. R. A. 76, 105 Am. St. 25, 2 Ann. Cas. 242 and cases cited. Such proceedings are proceedings *in rem,* the complaint is in the nature of a libel, in form assimilated to a criminal action, in that they are prosecuted by the State against the thing itself, property devoted to an alleged unlawful or criminal use, and are proceedings in behalf of the public, with the State as plaintiff, as in other cases of violation of the criminal laws, in the exercise of its police power. *State* v. *Arlen* (1887), 71 Iowa 216, 32 N. W. 267; *State* v. *Intoxicating Liquors* (1874), 40 Iowa 95; *Part of Lot 294* v. *State* (1855), 1 Iowa 507; *State* v. *Intoxicating Liquors* (1888), 80 Me. 57, 12 Atl. 794; *State* v. *Robinson* (1862), 49 Me. 285; *Hibbard* v. *People* (1856), 4 Mich. 125; *State* v. *One Bottle of Brandy* (1871), 43 Vt.

297; *Johnson* v. *Williams* (1876), 48 Vt. 565, 571; *State* v. *Stoffels* (1903), 89 Minn. 205, 94 N. W. 675; *State* v. *Barrels of Liquor* (1867), 47 N. H. 369.   There are cases which hold that they so far partake of the character of a criminal action that the jurisdiction of the courts, procedure, rules of evidence, and presumptions in criminal cases apply to them.   *State* v. *Robinson* (1862), 49 Me. 285, followed in *State* v. *Intoxicating Liquors* (1888), 80 Me. 91, 13 Atl. 403; *State* v. *Intoxicating Liquors* (1888), 80 Me. 57; *Commonwealth* v. *Intoxicating Liquors* (1874), 115 Mass. 142; *Commonwealth* v. *Intoxicating Liquors* (1871), 107 Mass. 216; *Commonwealth* v. *Intoxicating Liquors* (1873), 113 Mass. 23; *Commonwealth* v. *Intoxicating Liquors* (1870), 105 Mass. 595; *Bryan* v. *State* (1856), 4 Iowa 349; *State* v. *Arlen, supra.*

The remedy sought is to secure the enforcement of a police regulation of the State, and concerns the public at large, as distinguished from the ordinary civil action to determine the rights of private persons.   The complaint is the complaint of the State, and necessarily involves a charge of possession for an unlawful purpose.   The statute itself (§8338 Burns 1908, Acts 1907 p. 27, §2), restricts its operation to "violation of any of the laws of this State" and to liquors "kept for unlawful sale." §8350 Burns 1908, Acts 1907 p. 27, §14.   It is the official duty of the prosecuting attorney to prosecute such actions; he is a constitutional officer (Art. 7, §11, of the Constitution), and by the statute (§9403 Burns 1908, §5861 R. S. 1881), charged with the duty of prosecuting "the pleas of the State in the circuit courts of such circuit," and to "perform all other duties required by law."   §9406 Burns 1908, §5864 R. S. 1881. By another section (§9408 Burns 1908, Acts 1901 p. 38), he is empowered to administer "all oaths that may be found convenient and necessary to be administered in the discharge of their official duties," etc.   The statute is broad and comprehensive, and covers every case of the administration of an

oath, in anywise connected with the discharge of the official duties of that officer, nor should the matter be open to inquiry as to when it should be convenient and necessary, but is to be determined by the character of the matter with which it is connected; the test is, Is it in discharge of an official duty. We see no escape from the proposition that in this case it was in the discharge of an official duty. The fact that he may not be entitled to a fee is not controlling on the question of his duty, for he can only recover fees as provided by statute, and if a duty is imposed with no fee attached, he still must perform the duty without fee. The possession of intoxicating liquors for an unlawful purpose is a public offense, and it is the ancient prerogative and duty of the prosecuting attorney to proceed not only against the individual, responsible agent or actor, but against the thing itself, as the officer of the State, where the public is interested.

It is the contention of appellant that the filing of a proper affidavit, the issuing of a proper warrant, the seizure of the property, and the posting of the warrant and notice 3. of hearing on the premises, in case no one is in possession claiming it, and the return of the sheriff, are all necessary to confer jurisdiction on the court. The contention is too broad as to the posting of the warrant and notice, the purpose of which is to give notice of the seizure, but when a proper affidavit is filed, a proper warrant issued, a seizure, and a return is made, the property is in the custody of the law, and when the statutory notice is given jurisdiction is in the court to determine as to its status. §8342 Burns 1908, Acts 1907 p. 27, §8; *Greentree* v. *Wallace* (1908), 77 Kan. 149, 93 Pac. 598. They are statutory proceedings, assimilated to criminal proceedings, by 1. force of the inherent subject-matter, an unlawful use of property. It is to be noted that the proceeding may be had before a justice of the peace, irrespective of the value of the property seized, while if it is a purely civil

action in all respects, the jurisdiction would be limited to valuations of $200. It is therefore a statutory proceeding, governed by the rules of civil actions so far as applicable. *Campbell* v. *State, supra.* When jurisdiction of the subject-matter is thus obtained, it is not lost by reason

3. of the warrant not having been posted on the premises and notice of the hearing given as provided by the act, at the immediate time of seizure. *Commonwealth* v. *Intoxicating Liquors* (1909), 203 Mass. 585, 89 N. E. 918; *Commonwealth* v. *Certain Intoxicating Liquors* (1886), 142 Mass. 470, 8 N. E. 421. Applying the rules of civil procedure, it may be that it was irregular, that a copy of the warrant was not posted and a time was not fixed for hearing, and the notice was not given prior to November 16, 1911; and it was proper to suspend the proceedings until the warrant was posted, and the time fixed for hearing, and the notice given, because the notice is notice to all and is conclusive as to all. §8342, *supra.* But it does not follow that jurisdiction of the subject-matter has not been gained or that it has been lost. The jurisdiction is not suspended or in abeyance; its exercise may be. *Sanford* v. *Sanford* (1859), 28 Conn. 8; *Jewett* v. *Burroughs* (1819), 15 Mass. 464; *Lawrence* **v.** *Smith* (1809), 5 Mass. 362; 1 Kent, Comm. 102.

When it becomes necessary for the judgment or

4. decree to act upon the particular property, or thing attacked, jurisdiction attaches to the thing itself. *Boyce* v. *Grundy* (1835), 9 Pet. 275, 7 L. Ed. 655; *Bullock* v. *Bullock* (1894), 52 N. J. Eq. 561, 30 Atl. 676, 27 L. R. A. 213, 46 Am. St. 528; *Graydon* v. *Church* (1859), 7 Mich. 36; *White* v. *White* (1835), 7 Gill. & J. (Md.) 208.

The sheriff had made return that he found appellant and other persons named in the affidavit and warrant in possession of the property, and the evidence shows

5. that they were selling the liquors, and he properly acted upon the presumption that being in possession and selling, they were the owners, or were claiming owner-

ship. It has been held in one case that notice given to the agent in whose possession the liquors were found is sufficient. But this case goes further. The sheriff found appellant in possession of the property, in the place designated in his warrant. He found the property being sold. He found a license on the premises, to appellant, to sell intoxicating liquors to be drunk on the premises. §8345 Burns 1908, Acts 1907 p. 27, §9. Presumptively, therefore, appellant was the owner; he was in possession, and exercising the highest rights of ownership, and while others were also there, his exercise of dominion was most marked as the owner, for he claimed to be acting under a license, and while the presumption is a rebuttable one, it is, that one in possession of personal property with all the indicia of ownership, is the owner. *Wiseman* v. *Lynn* (1872), 39 Ind. 250, 259; *The Carlos F. Roses* (1900), 177 U. S. 655, 20 Sup. Ct. 803, 44 L. Ed. 929; *Belford* v. *Scribner* (1892), 144 U. S. 488, 12 Sup. Ct. 734, 36 L. Ed. 514; *Goodwin* v. *Garr* (1857), 8 Cal. 615; *Courtright* v. *Deeds* (1873), 37 Iowa 503; *Rawley* v. *Brown* (1877), 71 N. Y. 85; *Jennings* v. *Brooklyn, etc., R. Co.* (1907), 121 App. Div. 587, 106 N. Y. Supp. 279; *Wausau Boom Co.* v. *Plumer* (1874), 35 Wis. 274; *Succession of Alexander* (1866), 18 La. Ann. 337; *Amick* v. *Young* (1873), 69 Ill. 542; *First Nat. Bank* v. *Taylor* (1904), 142 Ala. 456, 37 South. 695; *Drummond* v. *Hopper* (1845), 4 Har. (Del.) 327.

The course pursued by the sheriff as the matter was presented, may have been irregular, but he certainly indulged a reasonable presumption. The proceeding being required to be conducted as a civil action, the object of posting the warrant and order for hearing is to give notice to fix the status of the property, and so long as the court had obtained jurisdiction of the subject-matter, the case should proceed as any other civil statutory proceeding.

Aside from all this, appellant appeared, filed his answer claiming the property, and defending against its destruc-

tion. This was the only consistent course that could be pursued, for it is manifest that no one else could justify
6. under his alleged license. By his appearance and contest he waived the irregularity of the notice. As he claimed to be the owner of the property and had an opportunity to assert that claim, and to test the question of forfeiture on account of alleged illegal use, he has been denied no right. *Campbell* v. *State, supra,* and cases cited; *State* v. *Bartlett* (1860), 47 Me. 396; *State* v. *Intoxicating Liquors* (1909), 82 Vt. 287, 73 Atl. 586; *Santo* v. *State* (1855), 2 Iowa 165, 63 Am. Dec. 487; *State* v. *Connolly* (1902), 96 Me. 405, 52 Atl. 908; *State* v. *Burrows' Liquors* (1870), 37 Conn. 425.

As to him as well as all other persons the required notice was given, before a hearing was had, and they are not complaining. The court did not err in any action taken, and the judgment is affirmed.

Erwin, J., did not participate in the decision of this cause.

NOTE.—Reported in 103 N. E. 316. See, also, under (1, 6) 23 Cyc. 299; (2) 32 Cyc. 710; (3) 23 Cyc. 298, 299; (4) 11 Cyc. 669; (5) 23 Cyc. 300. As to search of private premises, see 40 Am. Dec. 666; 101 Am. St. 328.